## McCRARY, Admr. *v.* CRANDALL.

Where the record of a cause contained a paper, purporting to be instructions asked by counsel, which was entitled as of the cause, but which made no reference to any county, court, or term, and was neither signed by any one, or referred to in any bill of exceptions, the paper was rejected in the Supreme Court.

Where the Court instructed the jury, that "a witness may be so situated as to be entitled to credit for what evidence he may give favorable to one side, and not entitled to full credit for what he may say against that side; and the jury have a right to judge of the feelings of partiality a witness may have, from his appearance, his relation to the case, and the facts;" and where the court, in the same connection, further instructed the jury, that they "will judge from all the circumstances, from the appearance of the witnesses, and their relation to the parties, what part of the evidence is true, and what false."

*Held,* that the instructions, taken together, were not erroneous.

Where the court refused to give, without qualification, an instruction, as follows: "That when a witness swears falsely as to one material fact, such witness is not entitled to credit;" but gave said instruction, with this qualification: "But if you are satisfied that a witness has so sworn, it ought to cause you to look with suspicion and distrust upon the whole of such witness's testimony; yet if you are satisfied, that such witness has sworn the truth in relation to other material facts, the latter should not be discredited."

*Held,* that there was no error in refusing the instruction as asked, or in giving it, with the qualification.

### *Appeal from the Wapello District Court.*

McCRARY, as administrator of Lewis Crandall, deceased, brought suit in the Wapello District Court, against Horace S. Crandall, for money had and received by the defendant, for the use of the said intestate. The allegations of the petition were denied. From a bill of exceptions in the record, it appears that a trial was had at the August term, 1854,

but the result of that trial, or whether any judgment was rendered thereon, does not appear. At the January term, 1855, a second trial was had, before a jury, during which the plaintiff introduced two witnesses, sisters of the defendant, claimed that they were reluctant witnesses, and was permitted by the court to examine them as such. After the testimony was closed, there being no other evidence before the jury except the testimony of the defendant's two sisters, to which the instructions were at all applicable, the court, at the request of the plaintiff, gave the following instructions to the jury :

" That a witness may be so situated as to be entitled to credit for what evidence he may give favorable to one side, and not entitled to full credit for what he may say against that side ; and you have a right to judge of the feelings of partiality a witness may have, from his appearance, and his relation to the cause and the parties.

" That the jury will judge from all the circumstances, and from the appearance of the witnesses, and their relation to the parties, what part of the evidence is true, and what false."

To these instructions, the defendant excepted at the time. The defendant, then asked the court to instruct the jury : "That where a witness swears falsely as to one material fact, such witness is not entitled to credit," which, without qualification, the court refused, but gave the instruction, with this qualification : " That even if you are satisfied that a witness has so sworn, it ought to cause you to look with suspicion and distrust upon the whole of such witness's testimony ; yet if you are satisfied that such witness has sworn the truth in relation to other material facts, the latter should not be discredited." To these rulings, the defendant excepted. The jury found a verdict for the plaintiff, upon which judgment was rendered. The defendant appeals, and assigns the giving, and the refusal to give, the instructions above set forth, as error.

*W. Penn. Clarke*, for the appellant.

*Knapp & Caldwell*, for the appellee.

McCrary v. Crandall.

WOODWARD, J.—The transcript in this case presents, as is too often the case in those sent to this court, a confused state of papers. We shall be obliged to set them in order, and reject such as are not properly here. The case comes up on the proceedings in a trial which took place at the January term, 1855, of the District Court in Wapello county. It appears that another trial took place at August term, 1854, but the record does not show how that trial was disposed of, for there is no verdict nor judgment of that term. Circumstances which do sometimes occur to interrupt a trial, are easily supposable.·

There is among the papers, also, one, containing what purports to be instructions asked by counsel, and perhaps given by a court to a jury. The paper is entitled as of this cause, but it shows no county, no term, and is not signed by *any one;* nor is it connected with, or referred to, in any bill of exceptions. This paper is rejected.

We will notice the errors assigned, with reference to the papers and proceedings above alluded to. First : it is alleged that the court erred in instructing the jury, that a witness may be so situated as to be entitled to credit for what evidence he may give favorable to one side, and not entitled to full credit for what he may say against that side, and the jury have a right to judge of the feelings of partiality a witness may have, from his appearance, and his relation to the case and the facts." The bill of exceptions shows, that the court instructed further in the same connection, that " the jury will judge from all the circumstances, and from the appearance of the witnesses, and their relation to the parties, what part of the evidence is true and what false." Sufficient appears to show that this is not an abstract proposition, presented for adjudication ; but counsel on neither side have argued the errors assigned, and it is impracticable for the court to study their causes for them, to the extent which they sometimes, as perhaps in this case, require. It is by no means manifest that this instruction is erroneous. To make it appear so, would require a more elaborate investigation, and careful discrimination of cases, than we have

opportunity to bestow upon it.   See 2 Greenl. Ev §§ 450, 459 ; 3 Phillips' Ev. C. & H's. notes, 568, 569 ; 4 Phillips' Ev. C. & H's. notes, 771 and 775.

The second and third errors assigned, are based upon the following statement in the bill of exceptions : " The defendant asked the court to instruct the jury 'that when a witness swears falsely as to one material fact, such witness is not entitled to credit,' which instruction, without qualification, the court refused, but gave said instruction, with this qualification—' that if you are satisfied that a witness has so sworn, it ought to cause you to look with suspicion upon the whole of such witness's testimony ; yet, if you are satisfied that such witness has sworn the truth in relation to other material facts, the latter should not be discredited.' " We are hardly satisfied that there was anything in the case upon which to base the request for this instruction, and whether it is not, therefore, an abstract question.   But be this as it may, we doubt whether the proposition which the defendant asked the court to give as an instruction to the jury, is true in its unlimited and unqualified terms.   The witness may be corroborated as to some facts by other testimony, or by circumstances, and therefore the qualification by the court was safe at least, and does not appear to be erroneous as applied to any state of facts shown in the case. See 4 Cow. and H. Phil. on Ev. 768.

Fourth.   As to the instructions complained of in the fourth and fifth assignments, one of them relates to the trial at the August term, 1854, and the other is not contained in a bill of exceptions, but is part of the paper rejected, and therefore they are not before us.

Judgment affirmed.