## BAUROSE *v.* THE STATE OF IOWA.

Where, on the hearing of a motion, in which a jury could take no part, the court asked the parties whether they desired a jury, which was answered negatively; *Held*, that the defendant below had not waived his right to a jury on the merits.

It is the duty of the District Court, on an appeal from a justice of the peace in a criminal case, under sections 3358 and 3361 of the Code, to first inquire into the case made by the appellant, and determine whether error, prejudicial to the substantial rights of the defendant below, exists.

In this inquiry, the presumptions are in favor of the correctness of the proceedings.

If the appellant fails to show probable error before the justice, it is the duty of the court to affirm the judgment.

If the alleged ground of appeal is, that the evidence did not justify the conviction, the appellant, either by his affidavit, made for the purpose of appeal, or by bill of exceptions taken on the trial, should bring the evidence so before the court as to render error at least probable; and in case he does not do so, the judgment should be affirmed.

*Kuner* v. *The State of Iowa*, December term, A. D. 1854, overruled.

Where an affidavit for an appeal in a criminal case, charging the defendant with unlawfully retailing intoxicating liquors, set out the evidence on that point as follows: "Dr. Fairfield came in, and called for brandy, and S. M. Phelps called for rum; Dr. Fairfield poured out of a bottle what looked like brandy into a glass, and drank it; and Phelps poured something out of a bottle into a glass, and drank it, and the bottle was labeled '*Rum*;' and this was all the knowledge of the witness, that either of the liquors drank by Fairfield or Phelps was intoxicating liquor," *Held*, That this evidence, without more, as that Fairfield or Phelps objected that what was given them was not that which they called for; or something, at least, leading to a conclusion that the article drank was not intoxicating liquor; did not show ground for a reasonable doubt, that the liquors sold were intoxicating liquors, to wit, brandy and rum.

Where, under section 931 of the Code, separate judgments are rendered by a justice of the peace, against a defendant charged with retailing intoxicating liquors, the District Court, on affirming the judgment of the justice, possesses no authority to consolidate the judgments, and render a new judgment against the defendant, and his sureties on the appeal bond.

*Error to the Scott District Court.*

THIS action originated before a justice of the peace, by information, filed September 15, 1854, containing three

counts, and charging the defendant below, Baurose, with unlawfully retailing intoxicating liquors. Trial by jury. Verdict, guilty on two counts, and judgment thereon. Appeal was taken to the District Court, and on the call of the case in that court, the prosecuting attorney moved an affirmance of the judgment of the justice. At this stage of the case, the court asked, if either of the parties desired a jury, and on being answered in the negative, proceeded to hear the appeal, and affirmed the judgment of the justice. After which, the defendant demanded a new trial, and asked for a jury to try the issue, which was refused, on the ground that he had waived that right. Upon overruling the motion for a new trial, the court proceeded to render a judgment anew, consolidating the two judgments rendered by the justice, which judgment was rendered, not only against the defendant, but also against the sureties on appeal. The affidavits for the appeal to the District Court, among other things, set out the evidence before the justice as follows: "Thereupon came a jury to try this cause, who were impanneled. After which, E. O. Tade, the prosecuting witness, was introduced and sworn, who testified that, on the 15th day of July last, he was present at the place charged in the information, and, while there, Dr. Fairfield came in and called for brandy, and S. M. Phelps called for rum; that the said Fairfield poured out of a bottle what looked like brandy into a glass, and drank it; and that said Phelps poured out of a bottle, into a glass, something, and drank it; and that the bottle was labeled '*Rum;*' and this was the only knowledge of said witness, that either of the liquors drank by said Fairfield and Phelps, was intoxicating liquor." The defendant now brings the cause here for review, and assigns for error the following: 1. That the court erred in affirming the judgment of the justice, the alleged error in the court below being as to the sufficiency of the proof to sustain the verdict of the jury. 2. In denying the defendant a trial by jury. 3. The prosecution is not in the name of the state of Iowa.

*Wm. E. Leffingwell*, for the appellant.

*Whitaker & · Grant*, for the appellee.

ISBELL, J.—The first and second specifications of error, · resolve themselves into the same question, viz : whether the District Court erred in refusing the defendant a trial by jury. So far as the waiver of that right by the defendant is concerned, it appears that the question propounded by the court, viz : whether either party desired a jury, was asked at a stage of the cause, where a jury could take no part; that is to say, on the hearing of a motion. We cannot, therefore, consider the defendant's right to be tried by a jury, as waived by him; and if he would be entitled to it on other ground, it should not now be refused him.

The question whether he was or was not entitled to such trial, involves a construction of sections 3358 and 3361 of the Code, as to what is the duty of the District Court, when an appeal comes before it from the trial of a justice in case of a misdemeanor, on the alleged ground that the evidence did not justify the conviction. And on this point, we should have little hesitation in pronouncing, were it not, that a construction has already been given to this statute, in this particular, by the former bench, which we are unwilling to adopt.

In *Kuner* v. *The State*, decided at the December term, 1854, HALL, J., in delivering the opinion of the court, says : " Where a party charged with a criminal offence, appeals upon the alleged ground that the evidence would not justify the conviction, he is entitled to a trial *de novo* in the District Court." If it is meant by this (which the case there seems to indicate), that the defendant, on an appeal from a justice of the peace, on the trial of a misdemeanor, on such alleged ground, is entitled to a trial *de novo* in the District Court, as a matter of common right, in the absence of all showing that the evidence on the trial was insufficient to justify the conviction ; or, in other words, that when the appeal is on that alleged ground, in the absence of such showing, the District Court has not the right to deny such trial, we cannot conclude that such is the meaning of the statute.

It is clear from section 3361, that the appeal addresses itself to the court in the first instance, and that a judgment of the court is contemplated, before a new trial can be had. The language, "may order a new trial," contemplates a right to refuse such trial. No distinction is made by the statute, on account of the *ground* of appeal, as to whether it be for error in matter of law or fact. Section 3358, contemplates in case of an appeal, that an affidavit shall be made, stating the facts showing the alleged errors, a requirement which would seem unnecessary, unless to use in the court above, to inform the court of the probable ground of error in fact.

The language of these two sections entire, is as follows:

"Sec. 3358. The defendant may appeal to the next term of the District Court, if on the rendition of the judgment, he, or some one for him, make or cause to be made, an affidavit, stating the facts showing the alleged errors in the proceedings or conviction complained of, and that he verily believes that injustice has been done."

"Sec. 3361. After hearing the appeal, the court shall give judgment without regard to technical errors or defects, which have not prejudiced the substantial rights of the defendant, and may render such judgment as the magistrate should have rendered, or may, according to the justice of the case, affirm or reverse the judgment, in whole or in part, as to all or any of the defendants, if there be more than one, or may order a new trial."

The language of the latter section, is in substance the same as that in sections 3097 and 3098, prescribing the duty of this court, on the hearing of a writ of error to the District Court. The language there used is, "must give judgment without regard to technical errors or defects, which do not affect the substantial rights of the parties. May reverse, affirm, or modify the judgment of the District Court, or may, if necessary, order a new trial." Yet, if we were to attempt to adopt the doctrine in this court, that if the error complained of was, that the evidence did not justify the conviction, the defendant would be entitled to a trial *de novo*, with-

out showing probable error in fact, it would at least be considered unsound.

But it is said, that to refuse a trial *de novo*, violates the right of trial by jury; and that when the constitution says, that in all criminal prosecutions, the accused shall have a right to a speedy trial by an impartial jury, this· means a *common law* jury of *twelve men*. This, perhaps, might be true, were it not also for the provision of the constitution, that the General Assembly may authorize trial by a jury of less number than twelve men in inferior courts. It is sufficient that the accused was tried by a constitutional jury. To assume that no offence may be tried by a jury of a less number than twelve, would be to oust justices of the peace, as the law now stands, of all jurisdiction in such cases; for being inferior courts, the statute confers their powers, and as there is no authority for their summoning a jury of twelve, and as the accused is entitled to be tried by a jury, the trial of any given case by a justice might be entirely prevented—an extremity in which we see no need of being placed. As we understand the statute, it is the duty of the District Court, on an appeal in such case coming up, to first inquire into the case made by the appellant, and determine whether error, prejudicial to the substantial rights of the defendant, exists. In this inquiry, the presumptions are in favor of the correctness of the proceedings. If the defendant fails to show probable error before the justice, it is the duty of the court to affirm the judgment. If the alleged ground of appeal is, that the evidence did not justify the conviction, the defendant, either by his affidavit, made for the purpose of appeal, or by bill of exceptions taken on the trial, should bring the evidence so before the court, as to render error at least probable; and in case he does not do so, the court should affirm the judgment. Nor is there any hardship in requiring this, the accused being entitled to counsel.

Regarding the duty of the court in this light, let us turn to the case before us, and see if the defendant made such a showing of probable error in fact, as to render it error in the court to refuse him a new trial. From the whole record,

including the affidavit for appeal, we conclude that the insufficiency of evidence complained of as error, is in this, that the evidence did not justify the jury in concluding that the liquors sold were intoxicating. The affidavit, which is all the evidence on that point, is as follows: "Dr. Fairfield came in and called for brandy, and S. M. Phelps called for rum; that Dr. Fairfield poured out of a bottle what looked like brandy, into a glass, and drank it; and that the said Phelps poured out of a bottle into a glass something, and drank it, and that the bottle was labeled 'Rum;' and this was all the knowledge of said witness that either of the liquors drank by said Fairfield and Phelps, was intoxicating liquor."

Under this state of the evidence, dislcosed by the defendant in his affidavit, without more, as that Fairfield or Phelps objected, that what was given them was not that which they called for, or something at least leading to a conclusion in this direction, we think there is not ground for a reasonable doubt, but that they drank that which they called for; or, in other words, that the liquors sold were intoxicating liquors, to wit: brandy and rum. We therefore conclude, that there was not probable ground of error disclosed in the finding of the jury, and that there was no error on the part of the court in affirming the judgment.

As to the other specification of error, it is sufficient to say, that the case is certainly prosecuted in the name of the state of Iowa; and it is not necessary that it should be expressed in the papers, at every step in the progress of a criminal prosecution, that it is by *the authority of the state of Iowa.* See *Wrocklege* v. *The State, ante,* 167, decided at the June term of this court.

So far.as objected here, we see no error, and had the court simply affirmed the judgments of the justice, and directed the manner of their execution, we should have found nothing in the record to correct. But on hearing the motion for a new trial, it proceeded to render a judgment, consolidating the two judgments of the justice, which must be separate (Code, § 931), and also making this new judgment against the

sureties on appeal, as well as defendant, for which we see no authority. In this there was error, of which we feel bound to take notice, although not assigned. It is the duty of this court to see that the proper judgment is rendered. So much, therefore, of the judgment as affirms the judgments of the justice, is affirmed; and so much as follows such affirmance, is reversed, and the court is directed to render judgment anew on each fine separately, and for costs, and to direct the manner of the execution of such judgment.