GARRETTSON v. THE STATE.

In criminal cases commenced before a justice of the peace, and appealed to the District Court, the affidavit for the appeal must be taken as the basis of the case in the District Court.

If the facts alleged in the affidavit are not correctly stated, the prosecutor should cause the justice to certify the true state of the transaction.

Where in a criminal case commenced before a justice of the peace, in which the defendant was charged with keeping intoxicating liquors, with intent to sell the same within the state, the defendant was found guilty and fined; and where the defendant in his affidavit for an appeal, stated: "That there was no evidence showing that he owned or kept any intoxicating liquor what-

Garrettson v. The State.

ever; that one Mason, the officer who served the warrant, testified that he found a barrel of whiskey in the back yard of defendant's premises, but he did not know to whom it belonged; and that the justice held, that as the liquor was found on the defendant's premises, it was presumed that he kept it, with intent to sell, and on that evidence, and on that alone, rendered judgment against the defendant; and where the District Court refused the defendant a new trial, and affirmed the judgment of the justice; *Held*, The District Court erred in not granting the defendant a new trial.

### *Error to the Linn District Court.*

COMPLAINT before a justice of the peace against the defendant, for keeping intoxicating liquors, with intent to sell the same within the state. The defendant was found guilty and fined. He appealed to the District Court, and filed an affidavit, under section 3358 of the Code. The record of the District Court recites, that the cause being argued upon the said several alleged errors, is thereupon submitted to the court, who, being satisfied in the premises, finds that there was no error in the proceedings and judgment of the court below, and the judgment is affirmed. The appellant now assigns as error: 1. That the court ruled that the affidavit for appeal did not contain facts of themselves entitling the defendant to a new hearing in the District Court. 2. That the court erred in refusing the defendant a new trial in the District Court. 3. In affirming the judgment of the justice of the peace. 4. In rendering judgment against the defendant.

*I. M. Preston* and *Wm. G. Thompson*, for the plaintiff in error.

*N. M. Hubbard*, (Pros. Atty. of Linn county,) and *Samuel A. Rice*, (Attorney-General,) for the State.

WOODWARD, J.—The defendant's affidavit for appeal, states: *First.* That there was no evidence showing that he owned or kept any intoxicating liquor whatever. *Second.* That one Mason, the officer who served the warrant, testified that he found a barrel of whiskey in the back yard of

defendant's premises, which he took, but that he did not know to whom it belonged; and that the justice held that, as the liquor was found on the defendant's premises, it was presumed that he kept it with intent to sell; and on that evidence, and on that alone, rendered judgment against the defendant.

The affidavit must be taken as the basis, and if the facts are not correctly stated, the prosecutor must cause the certificate of the justice to be made, showing the actual state of the transaction. See *The State* v. *Baurose*, 1 Iowa, 378. Taking the facts thus shown, and the testimony, as exhibited in the affidavit, we are of the opinion that the District Court should have granted the defendant a new trial, and that in refusing it, there was error. Therefore, the judgment is reversed.