## BRYAN *v.* THE STATE OF IOWA.

Where several bills of exception referred by letters, as A, B and C, &c., to motions, demurrers and pleadings, and the papers in the record, referred to, were marked L, M, N, &c., and there were no papers in the record, corresponding with the letters named in the bills of exception; *Held,* That the appellate court would be justified in disregarding the papers not correctly referred to in the bills of exception.

Neither the jurisdiction, nor the proceedings, of courts and magistrates, as existing at common law, were unalterably settled and defined by the constitution of the United States, at the time of its adoption.

Section 11 of the first article of the constitution of the state of Iowa, which

Bryan v. The State of Iowa..

provides that no person shall be held to answer for a criminal offence, unless on presentment or indictment by a grand jury, except in cases cognizable before a justice of the peace, does not limit the jurisdiction of justices of the peace to causes that were cognizable before that officer, at the time of the adoption of that constitution.

The eleventh section of the first article of the constitution of Iowa, has a prospective sense, and embraces such causes as may be made cognizable before justices of the peace.

The state law may make offences of inferior grades, originally cognizable by inferior courts, and the General Assembly may authorize trial by a jury of a less number than twelve men, in such inferior courts.

On appeal to the District Court, in a criminal case, the record from the justice constitutes no part of the evidence, on the trial anew in the District Court.

Where in a proceeding before a justice of the peace, under the act "for the suppression of intemperance," approved Jan. 22, 1855, under which certain liquors were seized, the owner of the liquors filed a plea to the jurisdiction of the justice, which was overruled; and where the said owner then moved to dismiss the suit, for the want of jurisdiction, which having been overruled, he then demanded a trial by a jury of twelve men, which was also overruled, and the said liquors were found to be forfeited by a jury of six men, and judgment rendered upon their verdict, accordingly; and where the judgment of the justice, on appeal, was affirmed in the District Court; *Held*, That there was no error in the proceedings.

### *Error to the Madison District Court.*

THIS was a criminal proceeding commenced before a justice of the peace, charging that intoxicating liquors were kept upon the premises of the plaintiff in error, with intent to sell the same, in violation of the act for the "suppression of intemperance," approved January 22, 1855. A warrant of search and seizure was issued, which was returned served, by seizing three barrels of whiskey. A notice was then issued to said Bryan, requiring him to appear at the office of the justice, on the 3d day of April, 1856, and show cause why the said liquors should not be declared forfeited. On that day, Bryan appeared before the justice, and filed a plea to the jurisdiction of that officer, and alleging that the District Court of that county, alone had jurisdiction of the offence. This plea was overruled by the justice, to which ruling, the said Bryan excepted. He then filed a motion to dismiss the suit, for the following reasons:

Bryan v. The State of Iowa.

1. The amount in controversy is above the jurisdiction of a justice of the peace, as fixed by the constitution of this state.

2. That there is no constitutional law of this state, authorizing summary proceedings of this nature.

3. This proceeding is not authorized by the constitution and laws of this state.

4. This proceeding is in violation of, and infringes upon, the individual rights guarantied to the defendant, by the constitution of the United States.

The motion to dismiss was overruled, and the defendant excepted. A motion for a change of venue, having been filed and overruled, the defendant demurred to the information, alleging twelve grounds of demurrer, which it is unnecessary to recite, which was also overruled by the justice, and to which ruling the defendant excepted. Bryan then filed a paper, setting up causes why the said liquor should not be destroyed, and also claimed a trial by a jury of twelve persons. A jury of six having been summoned and impanneled to determine the matter in issue, the defendant filed his protest against such jury. The jury returned a verdict, that the liquors were when seized, owned and kept by Bryan, for the purpose of being sold in violation of law; and thereupon the justice rendered judgment of forfeiture of said liquors, and ordered the same to be destroyed, in pursuance to the statute. The defendant then filed his affidavit for an appeal to the District Court, alleging *twenty-two* grounds of error in the proceedings before the justice, the most material of which, are the following:

1. The justice erred in not sustaining the plea to the jurisdiction of the justice.

2. The justice erred in not sustaining the motion to dismiss the suit.

3. The justice erred in overruling the demurrer to the complaint.

4. The justice erred in not sustaining the demand for a jury of twelve men.

5. The justice erred in requiring defendant to go to trial before a jury of six men.

6. This case should have been commenced by indictment in the District Court.

In the District Court, on hearing the errors assigned, that court held, that there was no error in the proceedings before the justice, and affirmed the judgment rendered by that officer. The defendant then sued out this writ of error, and in this court, assigns for error, the various rulings complained of in the court below.

*E. W. Eastman* and *P. Gad Bryan*, for the plaintiff in error.

*Samuel A. Rice*, Attorney-General, for the State.

WOODWARD, J.—This is a criminal proceeding, commenced before a justice of the peace, under the act for the suppression of intemperance, approved January 22, 1855. The question of the constitutionality of the act is made in this case, and nearly all the questions raised in the cause are the same that were presented and fully discussed and considered, in the cases of *Santo et al.* v. *The State*, 2 Iowa, 165, and *Sanders* v. *The State*, 2 Iowa, 230. As those questions have been so recently debated, and as the act has since that time been modified, it will not be thought necessary to review those which have been decided, nor to enter largely into the consideration of those which are now presented for the first time. The cause has been diligently and carefully prepared; the questions are well presented and fairly considered; but it will be advisable to present those questions only, which were not made in the cases above referred to.

There are several bills of exceptions referring by letters, as A, B, C, &c., to the motions, demurrers and pleadings, to which they relate, but there are, in the record, no such papers as are thus referred to; that is, none with corresponding marks or letters. The papers in the record, are marked L, M, N, &c. This would justify the court in not regarding these papers, and consequently the bills of exception, but then the case would be gone. This is adverted to, that the

taking notice of papers in such condition, may not be drawn into precedent. Concerning the identification of papers, see *McCrary* v. *Crandall,* 1 Iowa, 117; *Brewington* v. *Patton et al.,* 1 Iowa, 121; *Baltzell* v. *Nosler,* Ib. 590; *Ewing* v. *Scott,* 2 Ib. 447; *Claussen* v. *La France,* 1 Ib. 226.

*First.* The defendant pleaded to the jurisdiction of the justice of the peace, and contended that the matter and cause were cognizable originally only by the District Court, by indictment or presentment. He urged that at common law, there was no information before a justice of the peace, but that when the proceeding was in this manner, it was presented by the attorney for the State, in the same court where indictments were tried, and was tried in the same manner. He claimed that the constitution of the United States guarantied to him all the rights he had at common law, when that constitution was adopted. Waiving for the present, the question of the applicability of the United States constitution to this matter, it must be remarked, that the foregoing position of the defendant, claims that the jurisdiction, and in some respects the proceedings, of courts and magistrates, are fixed indelibly by the United States constitution, as stamped upon the common law then existing. This thought cannot be entertained. It gives an unalterable meaning to the term "information," which in the act in question, really signifies no more than "complaint." But above this, it cannot be conceded, that the jurisdiction of courts and magistrates, and their proceedings, are thus unalterably settled and defined. Again: this case is not one of a "capital or otherwise infamous crime," which, by the constitution of the United States, must be tried under indictment or presentment. The defendant further urges, that section 11, of article 1, of the constitution of Iowa, has reference to cases cognizable before justices of the peace at the time of its adoption, and that their jurisdiction must be limited to such causes. This construction cannot be admitted. The section has a prospective sense, and embraces such causes as may be made so cognizable.

*Second.* The defendant claims the right to a trial by a jury

of twelve, in the first instance, before the justice of the peace. We believe with the defendant, that a jury means twelve men, and that in trials for criminal offences, the defendant has a right to a trial by such a jury; but we also believe, that the state law may make offences of inferior grades orig- inally cognizable by inferior courts, and that the state con- stitution may provide, as in section 9, article 1, that the Gen- eral Assembly may authorize trial by a jury of a less number than twelve men, in such inferior courts. If the party had claimed a trial by jury in the District Court, it would have presented a different question. But he does not appear by the record, to have done so, although he seems to claim it in his argument; but he appears to have rested on the ques- tions of law which were made before the justice, among which was his right to a jury of twelve in that inferior tri- bunal. The defendant falls into an error in his argument. He reasons that on an appeal, the record of conviction be- fore the justice, becomes evidence. This is not so. The record from the justice constitutes no part of the evidence on the trial anew in the District Court. There the case is to be made out anew against the defendant, without reference to the fact of a conviction below. But if the defendant has reference to the construction given to section 3361 of the Code, in *Baurose* v. *The State*, 1 Iowa, 374, however correct he may seem to be, his position is controlled by that decis- ion. But as he did not claim a trial by jury in the District Court, this argument is of little consequence in the present cause.

*Third.* The defendant objects that this statute attaches a penalty to the right of appeal, in requiring a bond, in a pe- nal sum, with sureties, conditioned to pay whatever sums may be adjudged against him in the further progress of the suit; and he quotes the following proposition, and the au- thorities following, to sustain it as law: "A state legislature cannot make the right of trial by jury, depend upon giving bond with surety, for the payment of the penalty and costs," citing *Green* v. *Briggs*, 1 Curtis, 311; 1 Kent, 613, note (2) (last edition). However true this doctrine may be, (and its

apparent plausibility cannot be denied,) it would not give the defendant the right claimed before the justice of the peace, but it would affect the terms on which he might call for it in the District Court. It does not appear from the transcript, that the defendant gave bond and surety, on his appeal to the District Court; and if he did not, he stood in no position to test the principle above claimed by him. But we must repeat, that this court is not informed that he demanded trial by jury in the appellate court. He went up solely upon the twenty-two questions of law made before the justice of the peace, and these alone were adjudicated. All the points made by the defendant, not embraced in the former cases above referred to, have thus been noticed, and we see no cause to reverse the judgment of the court below.

I desire to take this occasion to say, that I differed from the majority of the court in the case of *Baurose* v. *The State*, 1 Iowa, 374, and wrote an opinion accordingly, at the time, which, for some reason, was not filed and published with the cause; and as the question may still arise, I do not wish to be considered as held by that decision.

Judgment affirmed.