## The State of Iowa v. Donehey.

The constitutionality of the act entitled "an act for the suppresion of intemperance," approved January 22, 1855, affirmed.

When the general assembly provides that an act shall be published in certain newspapers, and take effect from such publication, and the act is published accordingly, it takes effect from the time of such publication; and where the act thus published corresponds with the original act, on file in the office of the secretary of state, it is to be deemed in force, although the act, as published in the session laws, may not correspond with it.

The sixth section of the act entitled "an act for the suppression of intemperance," approved January 22, 1855, was not repealed by the act supplementary thereto, approved January 23, 1857, and is still in force.

The case of *Clare* v. *The State of Iowa*, 5 Iowa, 509, commented on and explained.

*Appeal from the Henry District Court.*

TUESDAY, JUNE 7.

Defendant was prosecuted before the mayor of Mt. Pleasant, for selling intoxicating liquors, on the 29th of July, 1858. In the district court, he insisted, *first*, that the act of January 22, 1858, (known as the prohibitory liquor law), was unconstitutional; and, *second*, that the sixth section of that act, (the one containing the general prohibition) was repealed by the act of January 28, 1857, (Session Laws of 1857, 231). These points being ruled against him, he admitted the selling as charged, was convicted, and from that conviction, appeals to this court.

*C. Ben Darwin*, for the appellant.

*S. A. Rice*, (Attorney General), for the state.

WRIGHT, C. J.—The prohibitory act of 1855 was declared to be constitutional, by a majority of this court, in the case of *Santo* v. *The State*, 2 Iowa, 203; and this ruling has been since followed in *Geebrick* v. *The State*, 5 Iowa, 491; *Sanders* v. *The same*, 2 Iowa, 230; and *Bryan* v. *same*, 4 Iowa, 349. For this state, therefore, the question must be regarded as settled.

The act of 28th of January, 1858, as found in the office of the secretary of state, repeals the sixteenth, but as published in the volume of session laws, repeals the sixth section of the prohibitory act. The publication in the newspapers, provided for in the last section of the act, was correct, following *verbatim* the original law as filed in the office of the secretary. The question now is, whether, as to this defendant, and other persons charged with a violation of the prohibitory law, the sixth section is still in force, or whether it is repealed by the act of 1857.

The constitution in force when the act of 1857 was passed, provided that "no law of the general assembly, of a public nature, should take effect until the same was published and circulated in the several counties of the state by authority." It was further provided, that "if the general assembly shall deem any law of immediate importance, they may provide that the same shall take effect by publication in newspapers in the state." It seems that the general assembly did deem the law of January 28th, 1857, of immediate importance, and directed that it should take effect from and after its publication in certain newspapers. From such publication, then, it was in effect, and, as we think, according to its terms, as thus published. Granting, therefore, that the public should be governed by the language of the act, as published in the session laws, rather than by the original act as found in the office of the secretary of state, yet we think the original files should be followed, where, as in this case, the newspaper publication follows the same.

It is, perhaps, inferrable from the case of *Clare* v. *The State*, 5 Iowa, 509, that in any event, the original act in the secretary's office is the ultimate proof of the law; and that however much the published acts, whether in authorized newspapers, or in pamphlet form, might differ from such original files, the public and the courts must be governed by the files, and not by the publications. It was not necessary, nor is it intended, by the writer of this opinion, at least, to go to that extent. It was not necessary, from the fact that the offense was charged to have been committed after the publication in the newspapers, and before the publication in pamphlet form. At the time of the commission of the offense, therefore, the only publication made was in the newspaper; and it would make no difference to him that a mistake was made in a subsequent publication. Nor is it necessary in this case, to go further than to hold, that the authorized publication in the newspapers being made, and being found to agree with the original act, we will resort to these as the better evidence of the true meaning of the law.

What would be the rule, if no publication by newspaper had been provided for, or if both publications had differed from the original files, we need not now determine.

Judgment affirmed.