## The City of Des Moines v. Layman.

### I. Per Curiam.

1. **Practice:** TIME OF OBJECTION. The Supreme Court will not consider an objection to the service of a notice, when the record does not show that it was presented to and passed upon by the court below; neither will it review rulings to which no exceptions were taken.

2. **Highway:** APPROPRIATION: JURY. It is the duty of the jury appointed to assess the value of real estate appropriated to the public use as a highway, to personally examine the premises.

3. **Practice:** INSTRUCTIONS BY COUNTY COURT. The authority of the county judge to instruct a jury appointed to assess the value of real estate appropriated for a highway, doubted; but when the report of the jury shows that such instructions wrought no prejudice to the appellant, the judgment below will not be disturbed.

### II. Per Wright, J., Lowe, Ch. J. and Cole, J., concurring.

4. **Constitutional law:** HIGHWAY: JURY. That portion of section 1067, Revision of 1860, which confers upon the District Court discretion to

grant or refuse a new assessment by a jury of twelve men, depending upon the inquiry by the court whether right or justice has or has not been done, is not in conflict with the provisions of the Constitution securing to a party a jury trial.

5. —— ON APPEAL. On appeal to the District Court, from an order establishing a road, the appellant is entitled to a new assessment by a jury in the District Court.

### III. Per DILLON, J., dissenting. ·

6. —— NEW ASSESSMENT BY JURY. Under section 1067, Revision, and the Constitution, the appellant was entitled to a new assessment by a jury as an absolute right. If the statute denies the right it is unconstitutional.

*Appeal from Polk District Court.*

### FRIDAY, JUNE 29.

THIS was a proceeding in the County Court to appropriate a portion of certain real estate belonging to defendant, to the use of the public, for a street, as contemplated and allowed under section 1065 of the Revision. The jury assessed the damages at $675. Defendant transferred the proceedings, for review, to the District Court. The order of the County Court was affirmed, and defendant, to reverse the last order, prosecutes this appeal.

*E. J. Ingersoll* for the appellant.

*S. Sibley* for the appellee.

WRIGHT, J. — It is first insisted that the County Court should have dismissed the proceeding on application, for want of jurisdiction. Under this head, according to the motion, filed in the County Court, it was there claimed that the published notice to the owner was void for want of revenue stamps; that it was not published the length of time required, and generally, that there was no sufficient notice.

Whether there was in fact a stamp affixed, whether, if not, one is required, whether defendant did not waive this and all other objections to the service by his appearance, we do not propose to discuss, for the reason that it nowhere appears that the District Court passed upon the sufficiency of the notice or service, and it is the action of that and not the County Court which we are to review on this appeal. It is true defendant assigned these matters as errors in his application to transfer the proceedings to the District Court, but if he relied upon the same, the record fails to show that there was any ruling thereon. Should it be said that the language of the final order sufficiently shows a ruling against defendant on these points, then a sufficient answer is that he did not except thereto, and of course thereby lost his right to have the matter reviewed here.

*1. PRACTICE: appeal.*

II. It is next objected that the jury assessing the compensation, received no testimony, but assessed the amount alone, from a personal examination of the premises. The record only shows that they did thus examine the premises before making the assessment. That it was their duty to do this under the law. That this was all the testimony upon which they acted, howover, is nowhere stated.

*2. HIGHWAY: appropriation: jury.*

III. It seems that the County Court instructed the jury as to their duties in the premises, or as to the rules by which they are to be guided in making the assessment. For this action of the County Court it may be doubted whether there is any warrant in the law. The objection, however, is not that instructions were given, but that they were erroneous. As the jury, however, found and returned in the very language of the statute that they did *not* take into consideration any advantage that might result to the owner on account of the proposed street or improvement, the rules given by

*3. PRACTICE: instructions by county court.*

the court need not be examined. They do not strike us, when considered together, as objectionable. The return. divests this part of the case of every semblance of error, however, and the disposition of it is placed on that ground without setting out the instructions at length.

IV. Finally, it is insisted, that defendant was entitled in the District Court to have his damages assessed by a jury of twelve men ; that so much of the statute as leaves it in the discretion of the District Court to grant or refuse a new assessment by such a jury, depending upon the inquiry by the court whether right or justice has or has not been done, is in conflict with the provisions of the Constitution, securing to a party a jury trial, and that this jury trial means twelve men, and not a less number, and that in no other method can a party be deprived of life, liberty or property.

4. CONSTI-
TUTIONAL
LAW: high-
way: jury.

The difficulty and importance of the question thus raised is readily appreciated. And yet for this State, it can hardly, as we shall see, be regarded as an open one. Particularly is this true under the facts of this case. For as we understand the record, such a jury *was not claimed in the District Court.* If not, *Bryan* v. *The State of Iowa,* 4 Iowa, 349, is in point and decisive of the question.

But as to the very question made by counsel, it seems to us that the action of the District Court is sustained by *Baurose* v. *The State of Iowa,* 1 Iowa, 374, and that following it, the statute under consideration is clearly relieved of any constitutional objection. The doctrine of that case is, that if in the inferior tribunal a party has a trial before the constitutional jury provided for those courts, though of less than twelve men, he cannot, as a matter of right, claim, in the face of the statute, a second trial on the merits in the District Court.

But if it is claimed that the two cases are not analogous,

there is still another view that further relieves this one of difficulty, and is greatly in aid of the construction just stated, of the constitutional provisions upon which appellant relies.

**5. — on appeal.**

Under the general statute, section 267, the defendant might have *appealed* from the order or decision of the County Court. On such appeal he would clearly have been entitled to a hearing upon the merits. Instead of doing this, however, he adopted the course provided in section 1067. In other words he asked a review of his case under a statute which points out the duty of the District Court in such proceeding, and whatever might have been his other remedies, he must be held to the remedy selected. And it is certainly competent, where the right to appeal remains unaffected, for the legislature to provide an additional remedy, and to limit and specify the terms and conditions upon which it may be enjoyed.

The special remedy on appeal in this class of cases may be assimilated to a hearing under the writ of *certiorari*, and the rights of the parties are not very unlike. And yet, under that writ, the party cannot claim a second hearing or a trial on the merits as a matter of right. *Wright* v. *Phillips*, 2 G. Greene, 191; *Davis* v. *Curtis*, Id., 575. And see *Runner et al.* v. *City of Keokuk*, 11 Iowa, 543.

Affirmed.

DILLON, J., dissenting. — The city of Des Moines is governed by the general town and cities act. Rev., ch. 51. In relation to taking, by the city, of private property for public use, it is provided (§ 1065) that "the county judge shall appoint three disinterested persons, who shall act as a jury to assess the compensation."

**6. — new assessment by jury.**

No provision is made for challenging any of the men selected by the county judge, no mode of trial is provided.

The law directs that they shall examine the premises or property before making their assessment, but it nowhere directs them to receive testimony. Though called a jury, their mode of appointment and duties make them, in fact, mere commissioners. It was by such a body that the defendant's damages were assessed. Under section 1067 he had the cause transferred to the District Court in due form.

The bill of exceptions taken in the District Court, recites, " that this matter came up for hearing before the court, the defendant Layman claiming that he was entitled to a new assessment of the damages, and upon this the court held that it must, in the first instance, inspect the papers in the cause returned by the County Court, and from them determine whether or not defendant is entitled to a new assessment of damages in this (District) court, and therefore orders the judgment of the court below to be affirmed," to which exceptions were duly taken by the defendant.

The only question I propose to discuss is, was the defendant entitled, *as a matter of right*, to a jury to assess his damages in the District Court? It is my decided opinion that he was so entitled, and that the judgment of the District Court, denying that right, should for that reason be reversed.

The taking of private property, without the consent of the owner, is the exercise of one of the highest powers of government. It has been much abused by the great powers which have been conferred upon municipal corporations, allowing them to judge of the necessity, and their citizens to act by a commission from the city council, or some subordinate, magistrate or court, as a jury or body to fix the amount of compensation.

To prevent such abuses, and to give proper security and safeguards to the property owner, it was very wisely pro-

vided in the new Constitution of the State, that private property should not be taken for public use until "*the damages shall be assessed by a jury.*" Bill of Rights, § 18. "The right of trial by jury shall remain inviolate, but the General Assembly may authorize a trial by a jury of a less number than twelve in the inferior courts." Id., § 9.

By these provisions the right to an assessment of his damages by a *jury*, is secured by the Constitution to the defendant.

No assessment of them has been made by a jury unless the three men appointed by the County Court are to be regarded as a jury. I do not so regard them.

The right to a jury in respect to these damages is placed by the Constitution upon the same ground as the right to a jury in a case involving the liberty of a citizen. Suppose a statute provided that persons accused of a criminal offense triable in an inferior court, should be tried by three disinterested men selected by the magistrate without the opportunity to challenge. Would this be preserving inviolate the right of trial by jury? I think not. So in this case, the three men selected by the County Court are not a jury in the sense of the Bill of Rights. §§ 9 and 18, *supra.*

If this be so, then the defendant had an absolute right to a jury trial in the District Court on the question of the amount of his damages.

When he applied for it the court could have granted it and should have done so.

I do not think he loses his right to a jury trial in the District Court because he transferred the proceedings under section 1067, instead of under 267 of the Revision. This is a special proceeding, and the defendant took his case into the higher court in the precise method pointed out by the statute. When his case was there, the District Court could have called a jury to assess the damages, selected

and sworn them, and then tried the question, in the usual manner for trying questions of fact.

If the statute (§ 1067) denies this right, it is unconstitutional to that extent. But I hold that under this section (1067), or if not under it, then under the Constitution, the District Court might and ought to have granted the defendant's application for an assessment by a jury of twelve men.

The right to a jury trial on appeal, or on the transfer of the cause to the District Court, being thus secured, sections 1065 and 1067 of the Revision would not be unconstitutional, although the three who assessed the damages in the first instance were not a jury. It is enough, that on appeal, or other transfer to the higher court, an unfettered right of a jury trial is preserved and provided for.