The C. R. & St. P. R. Co. v. Spafford.

1. **Contract**: PUBLIC POLICY: RAILROADS. An agreement to pay a railway company a certain sum of money, in consideration that the company will adopt a line along and near a public highway, instead of one already surveyed, is not contrary to public policy and will be enforced.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, OCTOBER 6.

ON the seventh day of September, 1868, plaintiff filed as a claim against the estate of Miles Spafford, deceased, a writing in words and figures as follows:

"WATERLOO, May 7, 1867.

"For value received, I promise the Cedar Rapids and St. Paul Railway, or order, four hundred dollars, payable as follows: Two hundred dollars on the first day of November, 1867, and two hundred dollars on the first day of December, 1867, or when the grading on said railway is completed from Laporte City to Waterloo.          · "MILES SPAFFORD."

The defendant answered by averring, *first*, that the writing was made and delivered without consideration, and therefore void; and in the *second* division as follows: "That plaintiff is a corporation, incorporated under the laws of the state, for the purpose of constructing a railway within this state for the use and convenience of the public, as well as for its own profit, and as such has power to appropriate, for the purpose of constructing such railway, the private property of individuals upon payment of just compensation. That the maker of said note was the owner of a valuable farm located upon the line of the railway to be built by plaintiff, and plaintiff in locating said railway surveyed the line thereof through the central portion of said farm, and affirmed its determination to locate its railway upon such line for the purpose of compelling said Spafford to pay to them a large sum of money rather than have his said farm destroyed as the same would be by such location; and thereupon, by reason of its threats to so locate the said

road, plaintiff did induce said Spafford to enter into a verbal agreement with plaintiff whereby it was agreed that said company should change the line of its railway through said farm, so that the same should run along one of the lines thereof, in consideration of which change said Spafford should give said plaintiff the right of way along such agreed line and four hundred dollars in addition thereto, and to secure the payment of said four hundred dollars, said Spafford made and delivered to plaintiff the instrument in question. That said contract and instrument were made without consideration, are against public policy and void, which facts defendant will insist on as a defense."

Afterwards the defendant, by leave of court, filed an amendment to the second count of her answer as follows: "That by the terms of the agreement set forth in her answer, said Spafford promised to pay the Cedar Rapids and St. Paul Railway Company the sum of $400, in consideration that said company would abandon one of its proposed lines which ran across his farm at the distance of about forty rods from the public highway or wagon road, then and for a long time prior thereto established and used as a public highway, and locate its road on a line immediately adjacent to and running parellel with said wagon road through the farm of said Spafford, the distance through said farm being one-half mile. That in consideration of such promise, said company did abandon its said proposed line at the distance of forty rods or more from said highway, and did locate its said road, and afterwards did build and operate, and still operates the same, along the line of said wagon road, and immediately adjacent thereto, whereby said road is, and for all time to come will be, rendered dangerous for use by the general public; and thereupon, in consideration of the location, building and maintaining of said railway along and adjacent to said highway, said Spafford did make and deliver the note in question, which was the only consideration therefor. And defendant avers that said agreement was contrary to public policy, injurious to the public interests, and void."

On the trial the defendant called a witness and offered to

prove that "the location of plaintiff's railroad on the Spafford farm in question renders travel along the highway at that point dangerous; that people attempting to travel along the same had frequently met with accidents, by reason of their teams being frightened by the locomotives and cars of plaintiff running in such close proximity to the wagon road, and by reason thereof travel had been driven away from the highway to a very great extent." This was rejected on the objection of the plaintiff. Defendant further proposed to prove that if the line first surveyed through the Spafford farm had been adopted, it would not have been dangerous to public travel at that point. This was also rejected on plaintiff's objection. There was evidence given that some four lines had been surveyed through the farm prior to the making of the instrument sued on; that Spafford proposed to give four hundred dollars to aid in the building of the road, provided the line of the road crossing his farm should run east of his buildings. The line finally adopted did not run east of them. The line was located before the instrument sued on was made.

Under the instructions of the court, to the effect that the second division of the answer, pleading that the contract was against public policy, was no defense, the jury returned a verdict for plaintiff. From the judgment thereon defendant appeals.

*Boies, Allen & Couch,* for appellant.

An agreement by an individual that, if a railway company will locate its road and terminate it at a certain place, he will pay the damages appraised to the owners, cannot be enforced. (*U. & S. R. R. Co. v. Brinckerhoff*, 21 Wend., 139.) A subscription to the capital stock of a company, upon condition that its road shall have a certain location, or shall be extended to a given point, is void as against public policy. (*B. & O. Turnpike Co. v. North*, 1 Hill, 518; *Ft. Edward and Ft. Miller Plank Road Co. v. Payne*, 15 N. Y., 583; *Holliday v. Patterson*, Sup. Ct. of Oregon, West. Jur., March, 1875.) A contract by which a railway company agrees to sacrifice the interests of the public to promote those of an individual, by a location of its road favorable to the latter, cannot be sustained.

An agreement to locate the road near a public highway is in conflict with Rev., Sec. 4409.

*A. S. Belt*, for appellee.

Evidence of a contemporaneous parol agreement is not admissible to vary the terms of a written contract. (*C. R. & M. R. R. Co. v. Boone Co.*, 34 Iowa, 45; *Stapleton v. King*, 33 Id., 28; *Gelpcke, Winslow & Co. v. Blake*, 15 Id., 387.) Contracts in violation of law, or made upon an illegal consideration, or which have for their object anything repugnant to the common law or the provisions of a statute, are void. (*County of Muscatine v. Carpenter*, 33 Iowa, 41.) Contracts against public policy, though not prohibited, courts generally refuse to enforce. (*Boardman & Brown v. Thompson*, 25 Iowa, 487.) The legislative will expressed in statutes is a fair exponent of public policy, and an agreement to do an act permitted by statute cannot be void as against such policy. (Chitty on Con., 659.) The presumption of law is in favor of a contract. Illegality of consideration will not be inferred. (Id.) A doubtful matter of public policy is not sufficient to invalidate a contract. (Id., p. 663.) It was the purpose of the statute (Rev., § 1321) to give to railway companies the privilege of running their tracks upon highways in the country and streets in the city. (*Milburn v. City of Cedar Rapids*, 12 Iowa, 246.) What has been authorized to be done by a constitutional act of the legislature cannot be regarded in law as a nuisance and proceeded against in the courts. (*City of Clinton v. Cedar Rapids R. R.*, 24 Iowa, 471.)

MILLER, CH. J. — The question presented by the record amounts to this: whether a promise to pay a certain sum of money to a railroad company, which has surveyed several lines through the farm of the promisor, made in consideration that the line or a line nearer to a public highway than any other line proposed, shall be adopted by the company, when such line is so near the public road as to have the effect to frighten teams passing thereon, is so contrary to public policy as to render such promise void?

It is well settled that all contracts which are distinctly prohibited by law, or morality, or public policy, are void. See cases cited in note *u*, page 746, 2 Parsons on Contracts, 5th edition. Section 1321 of the Revision authorizes railroad companies to construct their roads over and upon the public highways. *Milburn v. The City of Cedar Rapids, et al.*, 12 Iowa, 246; *City of Clinton v. C. R. & M. R. R. Co.*, 24 Iowa, 455; *Chicago, N. & S. R. Co. v. The Mayor of Newton*, 36 Id., 299. So that it is a part of the public policy of the state to authorize railroads to be laid down upon the public highways. The statute (§ § 1314, 1315, 1316, 1317, 1318, 1319, and 1320, of the Revision) at the time when the plaintiff's line was established, authorized railroad companies to take and hold so much land for their right of way, not exceeding one hundred feet in width, as should be necessary for the location, construction and convenient use of their roads respectively, irrespective of whether it was located near a public highway or not, by paying the damages when private property should be taken. The law authorized the railroad company to locate its road just as it did. The agreement to do so was therefore an agreement to do that which was expressly authorized by the law; and being thus authorized it cannot be held to be against public policy, nor a nuisance, although it may render the use of the public highway less safe for public travel. The judgment of the court below will be

AFFIRMED.