## Timothy E. Dibell v. The People ex rel. Peter S. Brinkerhoff.

*Forcible entry and detainer: Jurisdiction of justices: Costs.* The jurisdiction of justices of the peace in cases of forcible entry and detainer, is wholly derived from Chap. 150, Comp. Laws, entitled " Of forcible entries and detainers," and the acts amendatory of it; and when exercising such jurisdiction they are not bound by any of the provisions of the Justice's act (*Comp. Laws, Chap. 117*), except so far as chapter 150, or its amendments, may have adopted certain proceedings of the former, so as to make them substantially a part of the latter.

Costs in proceedings before Justices of the peace, for forcible entries and detainers, are to be taxed by the same rules as when before Circuit Court Commissioners, or other officers having jurisdiction in such cases. § 127 of the Justice's act—(*Comp. Laws,* § 3779)—applies only to cases of which justices have jurisdiction under that act and its amendments.

*Heard January 11. Decided April 5.*

Error to Hillsdale Circuit.

This was an application by Peter S. Brinkerhoff, to the Circuit Court for the County of Hillsdale, for a *mandamus* to compel Timothy E. Dibell, one of the Justices of the peace for Hillsdale county, to return to the said Circuit Court certain proceedings had before him, commenced upon the complaint of Elmira C. Keefer against Brinkerhoff, for holding over certain premises leased by Keefer to him, and, as she alleged, contrary to the conditions and covenants of the lease under which he held. The proceedings before the

DIBELL v. BRINKERHOFF.

justice resulted in a judgment for restitution of the premises; from which Brinkerhoff appealed to the Circuit Court. The costs were taxed by the justice at forty-four dollars and eighty-six cents, which sum Brinkerhoff refused to pay; and the justice declining to certify the record to the Circuit Court in compliance with the appeal, Brinkerhoff applied to the Circuit Court for an order upon the justice to show cause why a *mandamus* should not issue, to compel him to make his return.    The order was granted and the justice showed for cause :—

"TO THE CIRCUIT COURT FOR THE COUNTY OF HILLSDALE: In pursuance of an order of this court, I do hereby certify and return to the court, that in a certain cause wherein Elmira C. Keefer was complainant, and Peter S. Brinkerhoff defendant, I rendered judgment in favor of said complainant and against said defendant, on the 31st day of May, A. D. 1870; as is set forth in said order, which said judgment was for the restitution to the said complainant, Elmira C. Keefer, of the premises described in said order, and also for her costs of suit, taxed at forty-four and eighty-six one-hundredths dollars.

"I also further certify and return to the court, that on the 4th day of June, A. D. 1870, the defendant, Peter S. Brinkerhoff, made and filed with me an affidavit and a bond duly executed, for an appeal of said cause, and at the same time paid to me ten dollars as the costs in said cause, and one dollar for making said return; that at the time the said affidavit and bond were filed and money so paid, I informed the said Peter S. Brinkerhoff that I should not make a return on said appeal unless he paid the full amount of the taxed costs, viz: forty-four and eighty-six one-hundredths dollars, and that I did not receive the ten dollars as a payment of the costs in said suit, but received it under protest.

"I further return and certify to the court, that I have not made return in said cause to this court, because I considered that no appeal had been taken therein, for the reason that the full amount of the costs was not paid to me, as required by statute in such cases made and provided."

Upon the hearing, the Circuit Court entered an order directing a peremptory *mandamus* to be issued, as prayed for by the relator, which order the justice brings into this court by writ of error, for review.

*E. L. Koon* and *Geo. A. Knickerbocker*, for plaintiff in error.

*R. W. Ricaby* and *Albert Dickerman*, for defendant in error.

CHRISTIANCY, J.

The only question in this case is whether, upon proceedings in the nature of forcible entry and detainer, when had before a justice of the peace, the costs are limited to ten dollars, as provided by section *127* (as amended by *act of 1863, Sess. L., pp. 334, 335*) of the general justice's act, Chap. 117 Comp. L., entitled "Of courts held by justices of the peace."

This chapter fixes and regulates what may properly be called the *general jurisdiction* of justice's courts, but gives no jurisdiction over special proceedings on complaint for forcible entry and detainer, or for the recovery of possession of land by a landlord against his tenant, as to both of which jurisdiction had long before been given to other officers—Circuit Court Commissioners and Judges of the Circuit Court for the county—by *Chap. 123, Rev. Stat. of 1846 (Comp. L., Chap. 150)*. And nearly all the proceedings in this class of cases are special and peculiar, and all are regulated by this latter chapter, and amendments thereto since made; and all the changes and modifications made in

such proceeding, since as well as before the passage of the general justice's act (of 1855) above alluded to, have been made by amendments to this chapter 150; none by amendments of the justice's act. This is clearly shown by reference to the amendatory acts.—*Laws of 1861, pp. 465 to 467; Laws of 1867, pp. 88 and 89.; id., pp. 130, 131; Laws of 1869, pp. 197, 198.*

These respective amendments, from the time they severally took effect, became a part of this chapter 150 " Of forcible entries and detainers," and are to have the same effect as if originally contained therein, and in no respect do they modify or amend the provisions of the general justice's act.—*Chap. 117, Comp. L.*

This latter act, like the general act in reference to justices' courts in the revision of 1846, gives no jurisdiction to justices of the peace over special proceedings of this kind, nor does it make any provision with reference to any such special proceedings, nor do any of the amendments since made to the justice's act. And we think it quite clear that section 127 of this justice's act, limiting costs in justices' courts, has no reference to costs in these special proceedings. This limitation applies only to cases of which justices had jurisdiction under that act, or of which they might have jurisdiction by way of amendment to that act.

The first act which conferred upon a justice of the peace power to try a complaint in the nature of a forcible entry and detainer, was the act of 1861, above cited (*Secs. 3 and 13*), and this was done not by changing in any respect the jurisdiction given to justices' courts by the general justice's act (*Chap. 117*), but by amending *Chap. 150 Comp. L.*, in reference to "forcible entries and detainers," by simply inserting "Justices of the peace," after " Circuit Court Commissioner and Judge of the Circuit Court;" and this to have effect only in townships where no Circuit Court

Commissioner held an office,—not conferring any new power upon the justices' courts provided for in the general justice's act, but a special power upon a justice in certain townships, in all respects as distinct from the general powers of justices' courts, as the same power undertaken to be conferred upon a notary public by section 4 of the act of 1851 (*Comp. L., Sec. 3984*), and by the *act of 1867* (*p. 88*), the same power was conferred upon the Recorder of the city of Detroit.  It is therefore very clear that when a justice of the peace proceeds to try one of these special proceedings, he derives all his power to do so from—and must in all respects be governed by—chapter 150 and the acts amendatory thereof, and that he cannot invoke, nor is he bound by, any of the provisions of chapter 117, except so far as chapter 150 or its amendments may have adopted certain proceedings of the former as substantially a part of the latter.

   *Chap. 150, Comp. L.,* as it originally stood in the revision of 1846, referred to and adopted *in substance* certain provisions of the general justice's act contained in that revision, and some of the language in *Chap. 150, Comp. L.,* is broad enough to apply to the provisions of the present justice's act of 1855.   Thus by *sections 10 and 18 of chapter 150,* the provisions of the present justice's act must be held to regulate the *mode of collecting* the costs, but not to fix their amount, as that was left unlimited in this proceeding under this chapter (see *Secs. 9 and 18*), and, of course, to be regulated by the general provisions of the revision of 1846, in reference to costs, and the fees of officers, witnesses and jurors; while at the same time and by the same revision of 1846, the costs to be recovered in a justice's court were limited to five dollars.—*Sec. 96, Chap. 93, Rev. Stat. 1846.*

   We need not here determine whether the justice in this proceeding could claim or receive any costs not provided for by the act of March 3, 1863 (*Sess. Laws, pp. 97 and 98*),

declaring that "no justice of the peace shall receive any other fees or compensation for any services rendered in any civil cause than is therein provided;" nor whether this act applies at all to the costs in such special proceeding when had before a justice, since it does not appear by this record that he has charged any greater or other fees than is therein provided. It simply appears from the record that "*costs*" were taxed in the judgment to the amount of forty-four dollars and eighty-six cents. But how much of this, or whether any of it was for justice's fees, or how much for the fees of other officers or for witnesses, does not appear.

But I am inclined to think this act of 1863 does not apply to the fees of the justice in these special proceedings, especially since the *act of 1863, p. 89,* which would give the same fees to the justice as are given to the commissioner. This act of 1863 is an amendment to chapter 150 of Revised Statutes of 1846 (*Comp. L., ch. 175*). In both the revision and the Compiled Laws, that section is entitled "Of fees of justices of the peace in civil cases." And it is very certain that as it originally stood it had no reference to fees in special proceedings of this kind, of which no justice then had jurisdiction. It is equally clear that *section 7* of the same chapter did provide for the fees of the Circuit Court Commissioner in such cases, and by another amendatory act (to the same section) passed at the same session (*Laws of 1863, pp. 408 to 411*), such fees of the Commissioner are more fully specified and regulated. These provisions and those providing for the fees of executive officers, jurors and witnesses in the same chapter (*175 Comp. L.*), and the general provisions in reference to costs in the preceding chapter, with the amendments, still continue, as I think, to govern the costs to be recovered in these special proceedings, and they are not, I think, otherwise limited. See especially *Sec. 3, sub. 1, of Chap. 174, Comp. L.*

We think the conclusion at which we have arrived is in no respect inconsistent with the provisions in reference to appeal, in the original *Chapter 150* (*Comp. L.*), *Sec. 25,* or the amendments of the same in 1861, upon which the defendant in error specially relies. These refer to the manner of perfecting an appeal, which is to be the same as in the cases of appeals from justices' courts.

In both cases alike the appellant must pay the costs to entitle him to the appeal; but in the one class of cases the amount of the costs is limited by section 127 of the justice's act; in the other they are not thus limited.

The judgment of the Circuit Court for the County of Hillsdale, awarding a *mandamus* against the justice (plaintiff in error), must be reversed, and he must recover his costs against the relator.

The other Justices concurred.