LEWIS H. WILCOX v. THE LAFLIN & RAND POWDER CO. AND WORDEN R. CHAPELL.

*Discretionary costs—Judgment of justice.*

The statute permitting a judge to give or withhold costs in his discretion on the partial reversal of a ju'gment, does not apply where the full amount due had been tendered before suit. In such cases costs accruing after the tender must go to the defendant under Comp. L. §§ 6180–1.

It cannot be assumed on error that the jury disregarded the proofs and acted on something else.

Comp L. § 5479, forbidding reversal of a justice's judgment for an improper allowance of fees, does not cover a case expressly governed by a statute regulating costs generally, and where the question is not as to particular allowances which the justice has failed to consider.

Error to Shiawassee. Submitted June 8. Decided June 11.

ASSUMPSIT. Defendants bring error. Reversed.

*L. J. Hamilton* and *Hugh McCurdy* for plaintiffs in error. Tender at any time after a claim becomes due stops accruing interest and in a suit for the debt entitles defendants to a judgment for costs: *Berthold v. Reyburn* 37 Mo. 586; *Tracy v. Strong* 2 Conn. 659; *Reymond v. Bearnard* 12 Johns. 274; *Manny v. Harris* 2 Johns. 24; *Jackson v. Law* 5 Cow. 248; *Moynahan v. Moore* 9 Mich. 10; Chitty Cont. ch. 5, § 8.

*Lyon & Kilpatrick* for defendant in error.

CAMPBELL, J. Plaintiffs in error were sued by defendant in error before a justice, and pleaded a tender, and paid the money tendered into court. The case was tried by jury who found a verdict for the precise amount of the tender, for which the justice entered judgment, and gave costs against defendants below. They sued out a certiorari claiming that they should have been allowed costs in their favor. The justice made a return showing conclusively that the only basis of the judgment was the amount tendered, and there was no conflict of testimony on the fact of tender, and the precise amount due, had no tender been made, would have been slightly greater. The circuit court affirmed the judgment and error is brought.

It is impossible to read the return and account for the judgment except on the theory of a tender proved. It is suggested that the jury may not have found that this was before suit brought, but we cannot assume they disregarded the proofs made and acted on something different.

The statute, §§ 6180, 6181, expressly provides that in such a case the defendant shall pay no costs accrued after tender, but shall recover them. This is inconsistent with any discretion in the matter, and the statute allowing the circuit court when affirming a judgment in part and reversing it in part to give costs in its discretion cannot apply where the judgment, although in form given against defendants for damages was in fact in their favor as maintaining their plea. And the statute preventing a reversal for improper allowance of fees by a justice (§ 5479) does not cover a case expressly governed by another statute, for costs generally, where the question does not come up on particular allowances which the justice had power to consider.

The judgment of the circuit and justice's courts must be reversed as to the allowance of costs and plaintiffs in error must be allowed costs of all the courts.

The other Justices concurred.