JOHN B. ANTIAU AND THERESA ANTIAU v. MARTIN NADEAU AND DAVID BAUMIER.

*Certiorari—Question of costs.*

1. Certiorari was improvidently allowed to review the finding of a circuit court commissioner upon an objection to a small excess in the allowance of costs.

2. A circuit court commissioner's findings ought not to be in all respects reversed on certiorari upon objections that only concern the allowance of costs.

Error to Monroe. (Joslyn, J.) April 16.—April 23.

FORCIBLE ENTRY. Defendants bring error. Reversed.

*Grosvenor & Landon* for appellants.

*Thos. D. Adams* and *C. A. Golden* for appellees. A justice's determination as to costs is reviewable on certiorari: *Saunders v. Tioga Mfg. Co.* 27 Mich. 520; judgment for excessive costs is ground for reversal: *Wilcox v. Laflin & Rand Powder Co.* 44 Mich. 35.

CAMPBELL, J. Complainants brought a complaint against defendants before a circuit court commissioner under the Landlord and Tenant Act. The case was tried by jury, who found for defendants, and the latter recovered judgment and had their costs allowed by the commissioner, who in the taxation gave them a larger sum for witness fees than complainants thought lawful. A certiorari was sued out to the circuit court of Monroe county on several grounds, among which was the excessive allowance of costs. That court reversed the whole judgment of the commissioner, and error is brought to review this reversal.

It is now admitted that so far as the principal part of the judgment is concerned it was improperly reversed, and this is obvious. But it is still claimed that the reversal of the judgment for a part of the costs should have been granted.

The objections all go to excessive allowances of witness fees, where the commissioner had items which he could lawfully consider, but which were in some respects allowed at too high a rate, and in one instance may have been improper entirely.

By section 5479 of the Compiled Laws [How. Stat. § 7046] it is provided that no justice's judgment shall be reversed merely on account of improper allowances of fees. Appellate proceedings from commissioners are placed on the same footing with those from justices. §§ 6718, 6721. [How. Stat. §§ 8307, 8310.] Such being the general policy, there must be peculiar circumstances to authorize exceptions. The case of *Wilcox v. Laflin & Rand Power Co.* 44 Mich. 35, was one where, by another statute, justices were precluded from allowing costs at all, and therefore a question of jurisdiction arose; while here there was jurisdiction, but some errors in exercising it in taxing the various items. The objections do not go to the whole, or to any considerable

portion, of the costs.  Without, therefore, deciding how far
cases can arise in which judgments for costs can be reviewed,
we do not think it would be proper to allow a writ of certi-
orari where the controversy is so limited in extent as it is
here, and where the amount is so small.   In our opinion the
circuit court should have dismissed the writ as improvidently
granted.   We shall accordingly reverse the judgment and
order the writ to be quashed, with costs of this and of the
circuit court.   We have no doubt the small excess in the
commissioner's taxation will be remitted by counsel for
respondents, as they suggested on the argument they would
have remitted it had a proper opportunity been given them
at an earlier stage of the suit.

The other Justices concurred.