JOHN SCHUT v. THE CHICAGO & WEST MICHIGAN RAIL-
WAY COMPANY.

*Railroad companies—Constitutional law—Attorney fee of $25—Neg-
lect to fence right of way.*

That portion of Act No. 234, Laws of 1885, providing for the recov-
ery of $25 as an attorney fee in case of recovery against a rail-
way company for killing cattle, is unconstitutional. *Wilder v.
Railway Co., ante,* 382.

Error to Newaygo. (Fuller, J.) Argued May 10, 1888.
Decided May 23, 1888.

Case. Defendant brings error. Reversed as to allowance
of attorney fee. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Ed. E. Edwards* (*L. A. Miller,* of counsel), for plaintiff.

SHERWOOD, C. J. The plaintiff brought his suit against
the defendant before a justice of the peace, in the township
of Sherman, in the county of Newaygo, to recover the value
of an ox killed on the defendant's road by a passing train.
The animal strayed from the plaintiff's pasture field on the
defendant's track by reason of the neglect of the defendant
to build a fence along its right of way, as required by law.

The plaintiff's right to recover was not contested, and, after
suit brought, the defendant tendered to the plaintiff $80 for
his damages and costs. The costs at that time incurred
before the justice were $1.50. The tender was refused. It
was sufficient, unless, as claimed by the plaintiff, he was
entitled to a $25 attorney fee in addition to the other taxable
costs, as provided in section 15, Act No. 234, Laws of 1885.

This section provides that until the company has fenced its right of way, as required by law, it "shall be liable for all damages done to cattle or other animals thereon;" to be recovered by the owner thereof, "together with an attorney's fee of $25, to be taxed as costs against the defendant" in case of a recovery. A trial was had before the justice, who rendered a judgment in favor of the plaintiff for $75 damages, and costs taxed at the sum of $32.50, the costs including an attorney fee of $25. On *certiorari* to the circuit court for the county of Newaygo this judgment was affirmed.

The judgment cannot be sustained. That portion of the statute providing for the recovery of a $25 attorney fee in case of recovery against the railroad company was held to be unconstitutional in *Wilder v. Railway Co., ante,* 382, and, the tender being sufficient to cover the damages and costs up to the time it was made, the recovery should have been for the amount of these two items, and no more, and the judgment must be modified accordingly.

The judgment must be reversed, and judgment will be rendered in this Court for the plaintiff for the sum of $76.50, and defendant will be allowed its costs in this Court to be taxed, and the amount thereof must be offset against such judgment.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred.