MATILDA LAFFERTY v. THE CHICAGO & WEST MICHIGAN RAILWAY COMPANY.

*Railroad companies—Neglect to fence right of way—Stock killing—Costs—Attorney fee.*

In this case the judgment of the justice is affirmed, except as to the attorney fee of $25 allowed the plaintiff, the evidence disclosing defendant's failure to fence its road, as required by law, at the place where the animal entered upon its premises.

Error to Newaygo. (Fuller, J.) Argued May 10, 1888. Decided June 22, 1888.

Negligence case. Defendant brings error. Judgment of circuit court reversed, and justice's judgment affirmed except as to attorney fee of $25 allowed plaintiff. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*John Harwood,* for plaintiff.

LONG, J. The defendant is a corporation owning and operating the Big Rapids Branch of the Chicago & West Michigan Railway, running through the unincorporated village of Alleyton, where defendant has a station on its said road. Said railroad is crossed, at that point, by a

single highway only, and said station-house· is situated immediately at said crossing, and there are no fences or cattle-guards at that point, and no fences on either side of the railroad for a long distance either way from ʼsaid highway crossing.

This action was brought in justice's court of Newaygo county to recover damages for the negligence of the defendant in killing a cow of the plaintiff. On the trial before the justice, the plaintiff obtained a judgment for $30 damages, and the justice taxed plaintiff's costs at the sum of $30.06, which included an attorney fee of $25. The cause was removed by the defendant, by *certiorari*, to the circuit court for said county, and the following errors alleged in the affidavit for the writ :

"1. That the testimony introduced on the trial of said cause did not show any cause of action in favor of said plaintiff, and against said defendant.

"2. That no testimony was introduced in said cause tending to show any liability on the part of defendant, as set forth in plaintiff's declaration in said cause.

"3. That said justice erroneously included in the costs of said suit said attorney fee of $25."

This judgment was affirmed in the circuit court, and the cause removed to this Court by writ of error.

The evidence taken before the justice is fully set forth in his return. On the trial the defendant admitted plaintiff was owner of the cow, and that it was killed by defendant's cars, and that defendant was a corporation doing business within this State. It was shown upon the trial that at the village of Alleyton, through which said railroad passes, the said railroad is practically unfenced for nearly two-thirds of a mile, and is without any cattle-guards along the whole distance ; that plaintiff's cow got upon defendant's right of way at a point somewhere within this unfenced portion of· defendant's

railway, when she was struck by defendant's cars, and received the injury complained of.

The statute requires such corporation to erect and maintain fences on each side of the right of way of its road, and prescribes the kind and height of the fence that shall be built, and that connecting fences and cattle-guards shall be constructed at all highway crossings, etc.; and until such fences and cattle-guards shall be duly constructed, the company or corporation owning or operating such road shall be liable for all damages done to cattle or other animals thereon, which may result from the neglect of such company or corporation owning or operating such road to construct and maintain in repair such fences and cattle-guards aforesaid, to be recovered by the owner of such cattle, in a civil action, before any court of competent jurisdiction, together with an attorney fee of $25, to be taxed as costs against the defendant in case of a recovery in such action.

The testimony given by the plaintiff shows that the station and highway crossing are so situated that said railway could be fenced along both sides of that portion of the line up to said highway, and cattle-guards put in and maintained at said crossing, without interference with the mutual convenience of the defendant and the public in transacting their business with each other, and there was no attempt on the part of the defendant to contradict the testimony on this point. We think there was sufficient evidence to warrant the giving of the judgment in the case.

The other error alleged in the affidavit for the writ relates to the taxation of an attorney fee of $25 before the justice. This question was settled by this Court in *Wilder v. Railway Co.*, 70 Mich. 382 (38 N. W. Rep. 289), in which it was held that no such attorney fee could be recovered; and this case must be ruled by it.

It follows that the judgment of the circuit court must be reversed and set aside, and the judgment of the justice affirmed as to damages and costs, excepting as to the $25 attorney fee, which is reversed and vacated. Costs of this Court to defendant, and of the circuit court and the justice's court to plaintiff, except such attorney fee.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred with LONG, J.

SHERWOOD, C. J. I concur in the result.