### LAGOO *v.* SEAMAN.

1. JUSTICES OF THE PEACE—COSTS—CERTIORARI.

    1 Comp. Laws, § 950, providing that no judgment of a justice of the peace shall be reversed on *certiorari* on account of any fees having been improperly allowed, applies to cases where the question comes up on particular allowances which the justice had power to consider, and not to a case where the amount allowed was in excess of the sum permitted by a particular statute.

2. SAME—LOG-LIEN LAW.

    1 Comp. Laws, § 838, limiting costs in justice's court to $10, does not apply to special proceedings under the log-lien law (3 Comp. Laws, § 10756 *et seq.*), the language of which (sections 10761, 10767, 10769) clearly indicates that the legislature did not intend that the costs should be limited.

3. SAME—CONSTITUTIONAL LAW—CLASS LEGISLATION.

> The log-lien statute, in allowing full costs in justice's court, is not unconstitutional as class legislation, although under other statutes the costs are limited.

Case made from Wexford; Chittenden, J.    Submitted February 23, 1904.    (Docket No. 161.)    Decided April 26, 1904.

Attachment proceedings under the log-lien law by Joseph Lagoo against Drayton Seaman.    There was a judgment for plaintiff,. and defendant assigns error.    Affirmed.

*I. C. Wheeler* (*E. F. Sawyer*, of counsel), for appellant.

*Fred C. Wetmore*, for appellee.

CARPENTER, J.    Plaintiff recovered a judgment before a justice of the peace in the county of Wexford under Act No. 229, Pub. Acts 1887 (sections 10756–10770, 3 Comp. Laws), establishing a lien for labor and services upon lumber, shingles, etc., for $34.14 damages, and $12.47 costs of suit.    Defendant claimed "that the justice had no jurisdiction to render judgment for costs exceeding $10," and obtained a writ of *certiorari* from the circuit court to "correct the judgment in that respect."· The circuit judge affirmed the judgment.    Defendant brings the case to this court by writ of error.

Plaintiff contends that the statute (section 950, 1 Comp. Laws) providing that "no judgment of a justice shall be reversed merely for the omission or misrecital of an oath, nor on account of any fees having been improperly allowed by such justice," prevents the circuit court and this court from entertaining this application.    This contention is answered by *Wilcox* v. *Powder Co.*, 44 Mich. 35 (5 N. W. 1091), where it was held:

> "The statute preventing a reversal for improper allowance of fees by a justice [the statute under consideration] does not cover a case expressly governed by another stat-

ute for costs generally, where the question does not come up on particular allowances which the justice had power to consider."

The statute which authorizes these proceedings requires the sheriff to attach the property (section 10761, 3 Comp. Laws) "to satisfy the claim of the plaintiff, with all costs and disbursements, charges and expenses," and directs the property to be sold (section 10767) "to satisfy such judgment, and all costs, charges, and disbursements," and directs the officer making the attachment (section 10769) to "pay the boomage or storage on such products during the time he shall have the custody, * * * and return the amounts so paid on the writ, which shall be included and taxed in the bill of costs or disbursements." Does section 838, 1 Comp. Laws, limit these costs to $10 ? Section 838 reads as follows :

"Whenever a judgment shall be rendered by any justice of the peace against any party, unless otherwise herein provided, it shall be with costs of suit; but the whole amount of all the items of such costs shall not exceed ten dollars."

I think this question is answered by the decision of this court in *Dibell* v. *Brinkerhoff*, 22 Mich. 371. There the court was called upon to determine whether this statute limited the costs in proceedings under the forcible entry and detainer act. The jurisdiction of the justice to proceed under the forcible entry and detainer act was given by way of an amendment to the forcible entry and detainer act, which constituted chapter 150, 2 Comp. Laws 1857, while the section limiting costs was a part of the general act in reference to justices' courts, which was contained in chapter 117, 2 Comp. Laws 1857. The court held that the statute limiting costs did not apply to the costs in question, saying :

"And we think it quite clear that section 127 of the justices' act [the section now under consideration], limiting costs in justices' courts, has no reference to costs in these special proceedings. This limitation applies only to cases

of which justices had jurisdiction under that act, or of
which they might have jurisdiction by way of amendment
to that act."

This reasoning, however, did not entirely dispose of the
question.   Though it was not the intent of the legislature,
in enacting section 838, to make it applicable to special
proceedings, it might nevertheless apply to those proceed-
ings if the legislature, in authorizing them, intended that
it should; and the opinion therefore proceeds:

" It is therefore very clear that, when a justice of the
peace proceeds to try one of these special proceedings, he
derives all his power to do so from, and must in all respects
be governed by, chapter 150 and the acts amendatory there-
of, and that he cannot invoke, nor is he bound by, any of
the provisions of chapter 117, except so far as chapter 150
or its amendments may have adopted certain provisions of
the former as substantially a part of the latter."

The opinion then proceeds to show that, by sections 9
and 18 of chapter 150, the amount of costs in forcible en-
try and detainer proceedings is unlimited.

The proceedings under consideration are special pro-
ceedings.   The statute limiting costs does not, under the
authority of *Dibell* v. *Brinkerhoff*, extend to them, unless
it was the intent of the legislature, in authorizing these
special proceedings, that it should.   The act authorizing
these proceedings contains nothing to indicate that intent.
On the contrary, the language in the act heretofore quoted
clearly indicates that it should not.   The fact that the
provision for costs in proceedings in justice's court is in the
same language as that for proceedings in the circuit court
also indicates that these costs are not limited to $10.

It is contended by defendant that section 10767, if con-
strued to authorize plaintiff to recover costs in excess of
$10, is unconstitutional on the ground that it is an unjust
discrimination between classes.   In support of this conten-
tion counsel rely upon the decision of *Grand Rapids
Chair Co.* v. *Runnels*, 77 Mich. 104 (43 N. W. 1006), in
which it was held that a provision for an attorney fee of

$5 in proceedings under this act was unconstitutional. This decision rests upon the authority of *Wilder* v. *Railway Co.*, 70 Mich. 382 (38 N. W. 289), *Schut* v. *Railway Co.*, 70 Mich. 433 (38 N. W. 291), and *Lafferty* v. *Railway Co.*, 71 Mich. 35 (38 N. W. 660). The question before the court in these cases related to the constitutionality of that portion of Act No. 234 of the Public Acts of 1885 providing for an attorney fee of $25 where recovery was had against a railroad company for damages done to cattle or other animals. It was held that this provision was unconstitutional, the court saying:

"The legislature cannot make unjust distinctions between classes of suitors without violating the spirit of the Constitution. Corporations have equal rights with natural persons, as far as their privileges in the courts are concerned. They can sue and defend in all courts, the same as natural persons, and the law must be administered as to them with the same equality and justice which it bestows upon every suitor, and without which the machinery of the law becomes the engine of tyranny. This statute proposes to punish a railroad company for defending a suit brought against it with a penalty of $25 if it fails to successfully maintain its defense. The individual sues for the loss of his cow, and, if it is shown that such loss was occasioned by his own neglect, and through no fault of the company, and he thereby loses his suit, the railroad company can recover only the ordinary statutory costs of $10 in justice's court, but, if he succeeds because of the negligence of the company, the plaintiff is permitted to tax the $10 and an additional penalty of $25; for it is nothing more or less than a penalty. Calling it an 'attorney fee' does not change its real nature or effect. It is a punishment to the company, and a reward to the plaintiff, and an incentive to litigation on his part. This inequality and injustice cannot be sustained upon any principle known to the law. It is repugnant to our form of government, and out of harmony with the genius of our free institutions."

This reasoning has no application to this case. To allow suitors in proceedings under a special statute to recover their full costs is by no means an unjust discrimination because suitors under other statutes are denied them.

This very point, though not discussed, was necessarily decided in *Dibell* v. *Brinkerhoff,* heretofore cited.

The judgment of the circuit court is affirmed, with costs.

The other Justices concurred.