## St. L., I. M. & S. Ry. v. Williams.

RAILROADS:   *Statute allowing attorney's fee in stock cases, unconstitutional.*

 The act entitled "an act to provide for the speedy settlement of claims for stock
killed, or injured by railroads," approved March·13, 1885, provides for the
appointment of a board to assess the damages, by the parties, or by either party,
if the other should neglect to appoint an appraiser after being notified to do so.
It also provides, in effect, that if either party refuse to abide by the assessment
of the board, and bring, or make it necessary for the other to bring, suit, he
shall be taxed with an attorney's fee in the event the judgment of the court is
not more favorable to him than the award of the board.   *Held:*   That the act
is unconstitutional, as the Legislature has no power to substitute boards of ar-
bitration for the courts without consent of parties, nor to tax an attorney's fee
by way of imposing a penalty for refusing to abide by the assessments, or
awards, of such boards.

APPEAL from *Saline* Circuit Court.
J. B. WOOD, Judge.

*Dodge & Johnson* for appellant.

1.   The act authorizing the allowance of attorney's fees is
in violation of the Constitution of Arkansas, and the Fifth and

St. L., I. M. & S. Ry. v. Williams.

Fourteenth Amendments to the Constitution of the United States.

It provides for a board of arbitration, and *inflicts a penalty* for appealing to the courts.  *Art. 2, sec. 13.*

2.  It conflicts with section 21, article 2.  It applies to only one class of persons and only to one class of acts.  *58 Ala., 594; 4 Whart., 518 to 581; 65 Ala., 199; 28 Wisc., 464; 12 Bush., 210; 1 Curtis, 327; Cooley Const. Lim. (3d ed.), 293; 8 Ind., 217; 10 Ind., 292; 6 Brown, Neb., 37; 2 Yerger, 554; 16 Pa. St., 266; 19 A. & E. R. Cases, 436; 20 id., 555.*

3.  It violates section 7, article 2, Constitution.  *28 Ark., 461; 32 id., 24; 8 id., 446; 16 id., 384.*

4.  It violates article 2, sections 3 and 18, Constitution Arkansas, and section 1 of Fourteenth Amendment, Constitution of the United States.  *101 U. S., 30; 118 U. S., 396; 4 Otto, 544; 48 Cal., 50; 5 id., 74; 100 U. S., 345; 55 Cal., 21; 51 Penn. St., 412; 1 Curt., 311.*

*W. S. McCain* and *George H. Sanders* for appellee.

The allowance of an attorney's fee, under the act, can be sustained as constitutional, on two grounds:

1.  It is a penalty, and attaches itself to the tort, and comes strictly within the police power of the State to prevent injury to persons and property.

2.  The allowance is a part of the real and *bona fide* costs and expenses of the litigation, and an attorney being a recognized officer of the court, and legitimately engaged for the recovery of a legal right, the Legislature has as much right to tax a fee for him as cost, as of any other officer of court  *Rev. St. U. S., sec. 824; Mansf. Dig., secs. 5215, 5221; 113 U. S., 703; 115 id., 523; 18 Kans., 573; 25 id., 561; 30 id., 41; 109 Ill., 537; Thom. on Neg., 539; Thorp v. R. R., 27 Vt.; 22 A. & E. R. Cases, 564; 115 U. S., 112.*

BATTLE, J. Appellee sued appellant for the value of two oxen killed by its train, and recovered judgment for his damages and twenty dollars for an attorney's fee. The only error complained of here is the allowance of an attorney's fee, which was allowed by authority of. an act entitled "an act to provide for the speedy settlement of claims for stock killed or injured by railroads," which reads as follows:

"SECTION 1. That whenever any stock, such as horses, hogs, cattle, sheep, etc., are killed or injured by railroad trains running in this State, either the owner of such stock, or the person having a special ownership therein, or the railroad company or person operating such railroad, shall, by notice served upon the opposite party, demand an appraisement; such notice, if given to the railroad company, shall be sufficient if served upon the station agent nearest the place where the injury occurred, or upon any station agent in the county. In the notice the party shall name a person, a citizen of the county in which the injury occurred, as an appraiser; the other shall, within ten days, select another citizen of the county, and shall notify the opposite party of the person selected. If the party so notified shall neglect for ten days to appoint an appraiser, then the person named in such first notice shall select some citizen of the county to act with him as appraiser, and in case of disagreement they shall select an umpire. They shall be sworn to truly and without favor assess the damages, and any two of them agreeing, shall reduce their finding to writing, sign it in duplicate, and deliver one copy to the owner of such stock, and the other to the depot agent of the railroad company.

"SEC. 2. If the person or company operating such railroad, shall, within thirty days after the delivery of such appraisement to their agent, pay the amount assessed as damages, such payment shall be in full satisfaction of all demands for the killing and injury of such stock, and they shall be released

from further liability therefor; but in case they neglect or re-
fuse to make such payment within thirty days, and the person
owning such stock shall sue for damages done to such stock,
and recover, the court trying the cause, shall assess, in addition
to the amount assessed as damages for the killing or injuring
of such stock, a reasonable attorney's fee for the plaintiff; and
in any such court to which the appeal may be taken, the court
shall allow a reasonable attorney's fee, to be taxed and col-
lected as other costs in the case in such court; but, if such
company or person tender such owner of such stock the full
amount of such appraisement within thirty days, and the same be
refused, and he shall institute suit for damages to such stock,
unless such person recover in such suit a greater amount than
that tendered, the court trying such case shall assess a reason-
able attorney's fee for the defendant; and, in case of appeal,
the court to which the appeal is taken shall assess a reasonable
attorney's fee for the defendant, to be taxed and collected as
other costs in the case in such court.

" Sec. 3. That all laws and parts of laws in conflict with
this act be, and the same are hereby repealed, and that this
act take effect and be in force from and after its passage."

Is this act constitutional? Its validity depends entirely RAILROADS:
upon the power of the Legislature to authorize 'the recovery ing attorney's
of an attorney's fee in the manner prescribed by the act. It cases, unconsti-
may be conceded, for the purposes of this opinion, that the
Legislature can authorize the recovery of an attorney's fee in
civil actions as costs, provided it does so without denying
to litigants the equal protection of the laws guaranteed to
them by the Constitution. As a general rule the Legislature
can authorize its recovery as a penalty for the doing or the
failure to do any act which it has power to prohibit or require
to be done. But the first question in order here is, is it allowed
as costs or as a penalty?

An attorney's fee is allowed by the act only in two classes of cases: First, where the railroad company fails to tender the amount of the damages assessed within the time prescribed by the act, and the owner of the stock killed or injured brings suit and recovers as much or more than the amount of the assessment; and, secondly, where the railroad company tenders the amount of the assessment and the owner of the stock refuses to accept it, sues and recovers an amount no greater than the amount tendered. In neither class of cases is it allowed as an indemnity to the prevailing party for the costs and expenses necessarily incurred in obtaining redress in the proper court or in defending an unjust or fraudulent action, the principle upon which costs are taxed; but, in the first class of cases, it is allowed, in the court in which the action is brought, to the owner of the stock, because the railroad company refused to tender the amount of damages assessed within the time prescribed by the act and the owner of the stock recovered as much as the assessment, and, in the other class, it is allowed to the railroad company, because it made the tender and the owner of the stock refused to accept it, brought suit, and failed to recover more than the amount tendered. In the event the railroad makes the tender, and the stock owner refuses to accept it, sues, and fails to recover a greater amount than the amount tendered and an appeal is taken, the act expressly makes it the duty of the court to which the appeal is taken to assess a reasonable attorney's fee for the railroad, without regard to the result of the appeal. In the other class of cases, where the owner of the stock is allowed to recover an attorney's fee, and an appeal is taken, it also makes it the duty of the court to which the appeal is taken, to assess an attorney's fee, but does not say for whom it shall be assessed, but as it says that the fee assessed by the appellate court in the other class of cases shall be for the railroad company, it is unquestionably intended for the owner of the stock, and that it shall be

assessed for him regardless of the result of the appeal, as it is manifest the same rule is intended to be adopted in both classes of cases. The fee is unquestionably allowed as a penalty.

The act in question virtually constitutes the appraisers selected under it a board of arbitration to assess and determine the amount of damages the railroad company shall pay, and gives to each party the privilege to have his rights and liabilities determined by the courts. Either party is permitted to exercise this privilege, but if he does so he is liable to a penalty. For, in the event the judgment of the court is no more favorable to him than the award of the board, he is taxed with an attorney's fee as a penalty for refusing to abide by the assessment or award and bringing or making it necessary for the other party to bring suit to enforce his rights; and he is taxed with an additional fee in every court to which the action is taken, regardless of the result of the appeal.

What is the object of imposing these penalties? All statutory penalties are imposed for the purpose of enforcing the object or design of the statute or acts imposing them. The imposition of a penalty for doing an act is equivalent to prohibiting it, and for failing to do it to requiring it to be done. It is obvious, therefore, that the object and effect of the act in question is to require both parties to abide by the award of the board, and to deter them from going into the courts to have their rights and liabilties determined, and thereby secure, as suggested by the title of the act, "the speedy settlement of claims for stock killed or injured by railroads."

The act authorizes the selection of the board at the instance of either party, without the consent of the other. Has the Legislature the power to compel or require either party to submit to the award of a board selected in such a manner? Courts are provided by the Constitution, for the purpose, in part, of enforcing the rights and redressing the wrongs of persons. The Constitution of this State declares that in all actions at

32

law the right of trial by jury shall forever remain inviolate; and that "every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character ; he ought to obtain justice freely, and without purchase, completely and without denial, promptly and without delay, conformably to the laws." Every one is entitled, under the Constitution, to have his rights enforced, his wrongs redressed, and his liabilities determined in the courts, whenever it becomes necessary to compel their enforcement, redress or adjustment, and, when he is liable for damages, as the appellant is in this case, to have the damages he shall pay assessed by a jury. The Legislature has no power to substitute boards of arbitration for the courts, without the consent of parties, and make their awards obligatory and the exercise of the right to seek the aid of the courts to obtain relief from a wrong, or impose upon any one a penalty for exercising such right. To make the action of such a board obligatory or impose such a penalty would be a denial of the right, or a purchase of justice, and a violation of the Constitution.

We think the act is unconstitutional; that so much of the judgment of the court below as allows an attorney's fee should be reversed, and that in other respects it should be affirmed ; and it is so ordered.