EDWARD WILDER v. THE CHICAGO & WEST MICHIGAN RAILWAY COMPANY.

*Railroad companies—Injury to stock—Depot grounds—Costs—Constitutional law—Statute allowing additional attorney fee of twenty-five dollars—Certiorari—Return of justice.*

1. In a suit against a railroad company for killing plaintiff's cow, if the company claims that the animal entered its premises within its station or depot grounds, which are not required to be fenced, it has the burden of proof of establishing such defense.

2. On *certiorari* from a justice's judgment, the return of the justice governs as to the evidence introduced on the trial.

3. Act No. 234, Laws of 1885, allowing a plaintiff, in a suit against a railroad company to recover damages for killing cattle, to tax as a part of his costs an attorney fee of $25, is unconstitutional.

Error to Newaygo. (Fuller, J.) Argued May 10, 1888. Decided May 18, 1888.

Case. Defendant brings error. Judgment of justice affirmed, except as to attorney fee of $25. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*John Harwood,* for plaintiff.

MORSE, J. The plaintiff brought suit in justice's court to recover damages for injury to a cow that was struck by the cars on the track of defendant's road near the depot in the village of Alleyton, in Newaygo county. {It was claimed that the defendant's road was not fenced as required by the statute.

The justice rendered judgment for the plaintiff for $25 damages and $31.75 costs of suit. The costs included an attorney fee of $25, imposed by authority of Act No. 234, Laws of 1885.

The cause was removed by *certiorari* to the circuit court for the county of Newaygo, error being alleged as follows:

1. That the testimony did not show any cause of action in favor of the plaintiff against the defendant.

2. That the justice erred in the assessment of the $25 attorney fee as part of the plaintiff's costs.

The circuit judge affirmed the judgment of the justice, and the defendant brings error to this Court.

The first claim of defendant is that the cow entered the defendant's premises within the station or depot grounds, which are not required to be fenced. *McGrath v. Railroad Co.*, 57 Mich. 555 (24 N. W. Rep. 854). The following is a statement taken from the brief of defendant's counsel:

" At Alleyton there is but one highway that crosses the railroad. This highway, in the language of the case, 'runs past the depot, and crosses the main and side tracks.' The cow was standing about 30 feet north of the highway, and within 100 feet of the depot. There were no cattle-guards at the crossing, and on the west side of the track, north of the highway, was a space of two or three rods not fenced. At which of these places the cow got on the track does not appear."

In the evidence, as set out in the application for the writ, there is testimony tending to show this unfenced portion of the defendant's road to be within the station grounds. But in the return of the justice (by which we must be governed),

no such testimony appears, although the evidence taken on the trial is returned by him. According to the return, it was shown by one witness that—

" The only place cows could get on the track, north of the highway, was from and across the highway, and through this open space."

The cow was struck north of the highway, and about 30 feet from it. The defendant offered no proof. It was for the railway company to show that this open, unfenced space was within its station grounds. We are unable to ascertain from the testimony whether it was within or without such grounds, and therefore cannot disturb the judgment as to damages.

But the imposing of the attorney fee of $25 as costs cannot be upheld. The Legislature cannot make unjust distinctions between classes of suitors without violating the spirit of the Constitution. Corporations have equal rights with natural persons as far as their privileges in the courts are concerned. They can sue and defend in all courts the same as natural persons, and the law must be administered as to them with the same equality and justice which it bestows upon every suitor, and without which the machinery of the law becomes the engine of tyranny. This statute proposes to punish a railroad company for defending a suit brought against it with a penalty of $25, if it fails to successfully maintain its defense. The individual sues for the loss of his cow, and if it is shown that such loss was occasioned by his own neglect, and through no fault of the company, and he thereby loses his suit, the railroad company can recover only the ordinary statutory costs of $10 in justice's court, but if he succeeds because of the negligence of the company, the plaintiff is permitted to tax the $10 and an additional penalty of $25; for it is nothing more or less than a penalty. Calling it an "attorney fee" does not change its real nature or effect. It is a punishment to the company, and a reward to

the plaintiff, and an incentive to litigation on his part. This inequality and injustice cannot be sustained upon any principle known to the law. It is repugnant to our form of government, and out of harmony with the genius of our free institutions. The Legislature cannot give to one party in litigation such privileges as will arm him with special and important pecuniary advantages over his antagonist.

"The genius, the nature, and the spirit of our state government amounts to a prohibition of such acts of legislation, and the general principles of law and reason forbid them." *Durkee v. Janesville,* 28 Wis. 464, 468; *Calder v. Bull,* 3 Dall. 386, 388.

Here the Legislature has granted special advantages to one class, at the expense and to the detriment of another, and has undertaken to make the courts themselves the active agents in this injustice, and to force them to impose penalties in the disguise of costs upon railroad companies for simply exercising, in certain cases, the common right of every person to make a defense in the courts when suits are brought against them.

It was suggested by plaintiff's counsel, upon the argument, that the $25 is not imposed by the statute as a matter of distinction between the suitors, but as a punishment to the corporation for not obeying the law as to the fencing of its right of way, and that, if the railway company properly fenced its track, and complied with the law, it might then stand equal in the courts with the plaintiff in actions of this kind. But penalties cannot be prescribed and enforced in this way, and, whatever may have been the object or intent of the Legislature, the result of the statute is an injustice and an inequality, as before shown, which the courts cannot tolerate, and must disregard in the administration of the laws. Besides, a penalty of $25 per day is imposed by this act upon the railroad corporation for the neglect to construct and maintain the fences required by the statute. Laws of 1885, p. 357.

The judgment of the justice is affirmed as to damages and costs, excepting as to the $25 attorney fee, which is reversed and vacated. Costs of this Court to defendant, and of the other courts to plaintiff.

The other Justices concurred.