[No. 529.  Decided January 29, 1889.]

THORNTON W. OWSLEY v. OREGON RAILWAY & NAVI-
GATION COMPANY.

COSTS—RIGHT TO COSTS IN CONDEMNATION PROCEEDINGS.

Defendant constructed its railroad on plaintiff's land without any proceedings to acquire title. Plaintiff procured the appointment of householders, who appraised his damages at $1,425. Defendant elected to have the case tried, which was done, a verdict being returned for $1,000. On appeal, a new trial was ordered, on which a verdict for $1,000 was again rendered. Defendant then moved for judgment for costs and disbursements, amounting to $306. No offer to compensate plaintiff or to pay either of the awards was ever made. Code Wash. T., § 2475, provides that costs are to be taxed against the corporation only when the verdict and judgment are for a larger amount than the householders awarded, or the case has been tried at the instance of the corporation to reduce the award, and it is not reduced; otherwise costs shall be taxed against the land owner. On the particular facts of the case, *held*, that plaintiff was entitled to costs and disbursements, including $15 attorney's fees.

*Appeal from District Court, Garfield County.*

*Anders, Brents & Clark*, for appellant.

*Allen & Gose*, and *D. J. Crowley*, for appellee.

The opinion of the court was delivered by

NASH, J.—During the summer and fall of 1885, the appellee, the Oregon Railway & Navigation Company, a foreign corporation, entered upon the lands of appellant, located and constructed part of its line of railroad between Starbuck and Pomeroy, and without taking the required statutory proceedings therefor, or making or offering any compensation, actually appropriated to its own use a strip fifty feet wide on each side of its track. Some time thereafter Thornton W. Owsley, plaintiff below and appellant here, presented to a justice of the county his petition for compensation for the land thus taken and appropriated,

under § 2473 of the code, entitled "Mode of proceeding to appropriate lands by private corporations." In pursuance thereof the justice appointed and swore three disinterested householders, who appraised his damages at $1,425, which was duly reported to the district court, and the cause placed on the calendar of the next term. The Oregon Railway & Navigation Company, one of the parties herein, appeared, objected to the confirmation of the report, and signified its election to have the case tried. The court ordered pleadings to be filed by the parties, as in ordinary civil actions, and issue made for a proper determination of the rights of the parties, as provided in § 2475 of the code, which was accordingly done. Upon the trial of the issue thus joined the jury found a verdict for said plaintiff Owsley in the sum of $1,000, and thereupon judgment was rendered for that amount. Owing to some irregularity during the proceedings of said trial, exception was taken, and a new trial asked and refused. An appeal was taken to this court, and a new trial ordered and the case remanded. 3 Wash. T. 38. The trial anew in the court below resulted in a verdict by the jury for $1,000, the same as before. Thereupon, and before judgment, the defendant, the Oregon Railway & Navigation Company, moved the court for judgment for costs and disbursements, amounting to $306.63, and for a judgment and decree of appropriation upon the payment of $1,000. After argument the motion was overruled and denied, so far as the same asked for disbursements, and it was ordered that defendant have judgment for costs to the extent of $15, the statutory attorney's fee, and for no other amount. Defendant excepted to this ruling and order, and exception was allowed. Judgment was thereupon entered in favor of plaintiff for $1,000, and a decree appropriating the strip of land sought to be condemned as a right-of-way upon the payment of said $1,000, and defendant was allowed judgment for $15 costs. On March 31, 1887, after the entry

of said judgment, defendant and plaintiff each filed a
duly verified bill of costs and disbursements, and after-
wards each party filed a motion to strike out the cost bill
of the other.   The court allowed the motion to strike out
and disallowed the cost bill of plaintiff, to which ruling
plaintiff excepted.   The court also allowed the motion,
and struck out and disallowed the cost bill of defendant,
except as to the $15 statutory fees, to which ruling and
order defendant excepted, and the exception was allowed.
Each party appeals.

The contention in this case involves the construction of
chapter 188, entitled "Mode of proceeding to appropriate
lands by private corporations," commencing with § 2473,
and ending with § 2477; and more especially the question of
costs to the prevailing party, as contained in § 2475 of said
act.  The defendant in the court below contends that, inas-
much as the defendant succeeded in reducing the damages
awarded by the householders, as it sought to do by the trial
in the district court, it is entitled to costs, in pursuance of
the following provisions of § 2475, viz.: "And the issues
thus formed shall be tried as in other civil cases, the costs
to be taxed against the corporation only when the verdict
and judgment is for a larger amount than was awarded by
the householders, or the cause has been tried at the instance
of such corporation for the purpose of reducing the amount
of damages, and the damages are not so reduced; otherwise
the costs shall be taxed against the owner of the land."  It
is further claimed by the defendant that the word "costs"
is this section is used in its broad and popular significa-
tion, as more generally employed in the code, including
all expenses, disbursements, etc., allowed to the prevail-
ing party in all ordinary suits in our courts.  The plaintiff
also admits this view to be the better one, and acquiesces
in such construction.  The court fully concur in this view
of it, and so far all are happily agreed.

It was evidently the object of the legislature in said act

to provide a cheap, easy and convenient mode of redress for all who might suffer by the accomplishment of a great public object, and for the taking and destruction of the property of another. Judge Cooley, in his work on Constitutional Limitations, p. 562, says:

"Where, however, the property is not taken by the state, or by a municipality, but by a private corporation which, though for this purpose to be regarded as a public agent, appropriates it for the benefit and profit of its members, and which may or may not be sufficiently responsible to make secure and certain the payment, in all cases, of the compensation which shall be assessed, it is certainly proper, and it has sometimes been questioned whether it was not absolutely essential, that payment be actually made before the owner could be divested of his freehold. Chancellor Kent has expressed the opinion that compensation and appropriation should be concurrent. 'The settled and fundamental doctrine is, that government has no right to take private property for public purposes without giving just compensation; and it seems to be necessarily implied that the indemnity should, in cases which will admit of it, be previously and equitably ascertained, and be ready for reception, concurrently in point of time, with the actual exercise of the right of eminent domain.' And while this is not an inflexible rule, unless in terms established by the constitution, it is so just and reasonable that statutory provisions for taking private property very generally make payment precede or accompany the appropriation, and by several of the state constitutions this is expressly required. And on general principles it is essential that an adequate fund be provided from which the owner of the property can certainly obtain compensation; it is not competent to deprive him of his property, and turn him over to an action at law against a corporation which may or may not prove responsible, and to a judgment of uncertain efficacy. For the consequence would be, in some cases, that the party might lose his estate without redress, in violation of the inflexible maxim upon which the right is based. What the tribunal shall be, which is to assess the compensation, must be determined either by the constitution or by the statute which provides for the appropriation. The case is not one where, as a matter of right, the party is entitled to a trial

by jury, unless the constitution has provided that tribunal for the purpose. Nevertheless, the proceeding is judicial in its character, and the party in interest is entitled to have an impartial tribunal, and the usual rights and privileges which attend judicial investigations."

And further on the same learned author says:

"An inflexible rule should govern them all, that the interest and exclusive right of the owner is to be regarded and protected so far as may be consistent with a recognition of the public necessity. While the owner is not to be disseized until compensation is provided, neither, on the other hand, when the public authorities have taken such steps as finally to settle upon the appropriation, ought he to be left in a state of uncertainty, and compelled to wait for compensation until some future time, when they may see fit to use his land. The land should either be his, or he should be paid for it."

So far as we are informed, no effort or offer was made by the defendant to compensate this man at any time for taking his property; no offer was made to compensate him before the initiatory step of appointing the three householders was taken; and, after they had found he was damaged in the sum of $1,425, no offer was made to tender him this or any other sum in satisfaction of the amount that he may have been injured. When the parties appeared in the district court, no offer was made to pay him any sum whatever for the injury sustained. After trial was had in the first instance, and the jury had rendered a verdict in his favor for $1,000, no offer was then made to pay him $1,000 or any other sum. And after appeal taken to the supreme court, new trial granted, remanded for new trial to the district court, no offer was then made on the part of the defendant to pay him $1,000, or any other sum whatever. And now, at the end of this litigation, it is proposed to tax the cost up to him, which will very much, indeed, decrease the amount of compensation actually due him for the property taken; and it can be readily seen that cases might arise under this statute where the party might lose

his entire estate, and be mulcted in damages besides, if the view taken by the appellee in regard to costs should prevail. The act in controversy is very inartificially drawn, and defective in many particulars, and is now fortunately repealed. The statutory remedy, however, was exclusive of all other remedies, and appellant Owsley pursued it honestly and earnestly, as affording him the only means to recover damages for taking his property; and we think it would be grossly unjust, in view of the circumstances surrounding the case, to adjudge him to pay the costs. All proceedings up to the time when the parties appeared in the district court were to be regarded as of a more amicable than legal character, and for the purpose of bringing about some amicable and complete adjustment without the necessity of prolonged litigation, and failing in this, to bring the parties into court, where all their differences could be definitely, properly and legally determined. And certain it is that the parties did appear, in pursuance of this act or otherwise, in the district court of Garfield county, there acquiesced or submitted to its jurisdiction by filing proper pleadings touching the matter in controversy, and then and there had a trial according to the course of legal procedure in ordinary actions before a jury, and their controversy fully and legally settled; that the said suit was like any other suit in court, and that the plaintiff then and there recovered $1,000 for his damages; and that he was entitled to his costs in this behalf expended, like any other ordinary suitor who has been successful in his litigation; and that the court below erred in not rendering a judgment for costs as in ordinary cases, including the statutory attorney's fee, to the prevailing party. This view of the question of costs is fully sustained in a well considered case. *In re New York, etc., Ry. Co.*, 94 N. Y. 287. This being our view, it follows that the appellant here is entitled to his costs and disbursements, which also include $15 attorney's fee. We will further add, our decision upon the question presented

is limited to the facts stated herein.   Let the case be re-manded, with the direction to the court below to render judgment in conformity with this opinion.

BURKE, C. J., and ALLYN, J., concur.