[No. 1910.  Decided March 2, 1896.]

N. T. JOLLIFFE, *Appellant,* v. THOMAS REEVES BROWN *et al., Receivers, Respondents.*

CONSTITUTIONAL LAW — TITLE OF ACT — RAILROAD COMPANIES — STOCK KILLING — FAILURE TO FENCE TRACK — ATTORNEY'S FEES.

Where the title of an act is comprehensive enough to embrace all its provisions, when the act is considered as a whole, the fact that certain sections are subsequently declared unconstitutional and stricken from the act will not necessarily render remaining sections unconstitutional on the ground that the title of the act is not broad enough to include such sections.

A statute providing that a railroad company shall be subject to a penalty of double the value of stock killed by collision with its trains, in case of failure to notify the owner within forty-eight hours thereafter, is unconstitutional, on the ground that it renders the company liable whether negligent or not, and whether or not it had knowledge of the act, and regardless of whether or not the owner was at fault or had knowledge of the killing.

There being no obligation upon railroad companies to fence their rights-of-way, a statute imposing a penalty for the killing of stock is unconstitutional.

An act providing for an attorney's fee to plaintiff in case of recovery against a railroad company for the killing of stock is unconstitutional, where it is not in the nature of a penalty for failure to perform a statutory duty, when the statute does not provide for payment of a like fee by plaintiff in case he should be unsuccessful.

A section of an act providing that, in actions for injuries to stock occasioned by collision with moving trains, proof that the railroad track was not fenced so as to turn stock, shall be *prima facie* evidence of negligence, merely establishes a rule of evidence, and is independent of other sections of the same act which are unconstitutional for the reason that they improperly impose a penalty and attorney fees upon a railroad company for the killing of stock.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.  Reversed.

*Wilshire & De Steiguer,* for appellant.

*Carr & Preston,* and *W. R. Bell,* for respondents.

The opinion of the court was delivered by

Scott, J.—This was an action to recover for the value of a cow killed by the defendant's train, and is brought under the provisions of the act approved March 15, 1893 (Laws 1893, p. 418), making railway companies operating unfenced lines of railroad liable for double the value of stock killed, and double damages are sought in this case and also an attorney's fee. The first, third and fourth sections of the act are involved in this controversy. The lower court held the act unconstitutional and rendered a judgment against the plaintiff, whereupon this appeal was taken. A number of questions have been argued relating to the constitutionality of the sections specified, and as to whether, if one or more of them are unconstitutional, any part of the act can be considered sufficiently independent thereof to stand. The respondents first attack § 3. This section is as follows:

" When any stock shall be killed or injured by collision with a railroad train or with a railroad engine it shall be the duty of the engineer and fireman of the engine, within forty-eight hours thereafter, to report the accident to the division superintendent of the road, stating the manner of the accident, place of its occurrence and the name of the owner of the stock killed or injured, if known, and immediately upon the receipt of such report it shall be the duty of such division superintendent to transmit the same to the owner of the stock, if known, and if not known to cause the said report to be filed with the agent of the company nearest the place of the accident, to be by him kept at his office for the inspection of the public. Failure on the part of the officers or agents in this section mentioned to comply with the requirements of this section, shall subject the person or corporation owning or operating the railway to a penalty of double the market value of the stock injured or killed, to be re-

covered by the owner thereof in an action in the superior court of the county."

It is first contended that this section is void on the ground that it is not embraced within the title of the act, which is as follows:

" An act to protect the owners of stock from injury thereto by moving railway trains, declaring the law of negligence and providing for a reasonable attorney's fee in all actions for such injury."

It is practically conceded, however, that if the act is considered as a whole, the title is comprehensive enough to embrace all its provisions, but if, as contended by the respondents, the other sections should be stricken out as unconstitutional, it is argued that there would be no reference in the title of the act sufficiently broad to include the provisions of § 3. It is conceded that the principal purpose of the title is to advise legislators of the nature of the legislation contained in the bill, and it seems to us that if the title was comprehensive enough to embrace the provisions of § 3, conceding the entire act constitutional, this purpose has been fully served, although certain sections should thereafter be held unconstitutional, and we are of the opinion that this objection is not tenable.

Other objections urged against the constitutionality of this section are that it enables the plaintiff to recover double the market value of the stock killed, and fixes an absolute responsibility where the notice is not given, and it also assumes that the company would have knowledge of such killing in all cases.

It will be observed that this section, standing alone, imposes an obligation upon the railroad company, in case notice is not given, to pay double the value of the stock injured or killed, whether the right-of-way is

fenced or unfenced, and it makes no exception of cases where the owner of the stock has knowledge of such killing at the time, although the notice is not given. The sole duty imposed upon the company under this section is the giving of the notice specified, and in case of a failure to do so wilfully or otherwise it is mulcted in damages in double the value of the stock killed, regardless of whether the company was at fault or not in killing it or how much at fault the owner of the stock may have been. We think the weight of authority is against the constitutionality of such legislation. A somewhat similar question was decided by this court in *O. R. & N. Co. v. Smalley*, 2 Wash. 206 (23 Pac. 1008). See, also, *Zeigler v. S. & N. A. R. R. Co.*, 58 Ala. 594, and *Denver, etc., Ry. Co. v. Outcalt*, 2 Colo. App. 395 (31 Pac. 177).

Legislation requiring railroad companies to fence their tracks has been generally sustained as a legitimate exercise of the police power of the state on the ground that it tends to promote the safe operation of trains and to the safety of the traveling public. It has been said that the police power of a state extends to the protection of the lives, limbs, health, comfort and quiet of all persons and the protection of all property within the state, and to that end persons and property are subjected to many restraints and burdens in order to secure general comfort, health and prosperity. But it is difficult to see how the giving of the notice specified would legitimately fulfill any of these purposes. If it does, the penalty should be limited to cases where the company has knowledge of the killing. It cannot be assumed that the company would have such knowledge in all instances and it would seem also that it should be limited to cases where the owner of the stock killed or injured did not have

knowledge of the fact, and was not himself at fault in the premises.

It is further contended that § 3 cannot be construed with reference to §1 so as to limit its operation to cases where the railroad company has failed to fence its track, and the specified notice is not given, for the reason that there is no law in this state requiring railroad companies to fence, and consequently there is no basis for the imposition of a penalty for a failure to do so. A question very like this was also decided by this court in *O. R. & N. Co. v. Smalley, supra*, where a majority of the court held that the act which fixed a liability for killing stock where the right-of-way was not fenced imposed no duty upon the company to fence. The authorities are not uniform upon this proposition, and it has been held that legislation subjecting unfenced roads to liabilities and penalties from which roads which were fenced were exonerated, was indirectly intended to compel railroad companies to fence their rights-of-way. The decision rendered in the *Smalley* case was by a divided court, and the writer hereof was one of the dissenting judges, but sufficient grounds have not been presented in this case to warrant overruling it, and, construing this act in the light of that decision, it must be conceded that no obligation is imposed upon railway companies to fence their rights-of-way, and § 3 cannot be sustained upon that ground.

It is next contended that § 4 of the act, which is as follows :

"In all actions for injury to stock by collision with moving railway trains where the plaintiff shall recover, and in actions to recover a penalty under this act in which the plaintiff shall recover judgment, the judge shall allow a reasonable attorney's fee to be taxed as a part of the costs,"

is invalid on the ground of its being an attempt to grant special privileges and advantages to one class of litigants at the expense and to the detriment of another. Legislation requiring railroad companies to pay an attorney's fee in case of litigating such claims unsuccessfully, where none was imposed upon the plaintiff if unsuccessful, has been sustained in some instances, and generally upon the ground that it was in the nature of a penalty for failure to perform a duty imposed by statute. See *Ill. Cent. R. Co. v. Crider*, 91 Tenn. 489 (19 S. W. 618); *Gulf, etc., Ry. Co. v. Ellis*, 18 S. W. 723; *Jacksonville, etc., Ry. Co. v. Prior*, (Fla.) 15 South. 760.

It cannot be sustained here as a penalty, for as has been said, there was no duty to fence imposed by statute, and the provision requiring the notice to be given cannot be sustained in the unlimited manner in which the power was sought to be exercised as expressed in the section. There is a broad distinction to be recognized between legislation requiring a party to pay actual damages occasioned, and that which would impose a penalty in addition thereto. Such legislation can be sustained only where the party on whom the penalty is imposed is in fault or guilty of a wrong. Considered as an attorney's fee purely and simply, it distinguishes between classes of persons and not as to subjects of litigation or classes of controversies, and by the weight of authority has been held to be unconstitutional. *Denver, etc., Ry. Co. v. Outcalt*, *supra*; *St. Louis, etc., Ry. Co. v. Williams*, 49 Ark. 492 (5 S. W. 883); *S. & N. A. R. R. Co. v. Morris*, 65 Ala. 193; *Wilder v. Chicago, etc., Ry. Co.*, 70 Mich. 382 (38 N. W. 289); *Chicago, etc., R. R. Co. v. Moss*, 60 Miss. 641.

The first section of the act is as follows:

"That in all actions against persons or corporations owning or operating steam railways in the state of Washington, for injuries to stock of any kind, except hogs, by collision with moving trains, it shall be *prima facie* evidence of negligence on the part of the defendant to show that the railroad track was not fenced so as to turn said stock from the track—"

and it is contended that it is so connected with §§ 3 and 4 that it should not be permitted to stand independently of them, and also that its provisions operate as a penalty where there is no violation of a duty, but it seems to us that this is not well founded. This section relates to a matter entirely independent of the others, and establishes a rule of evidence only. Where the fact of the killing has been proven it shifts the burden of proof as to negligence upon the defendant. The facts of the case are usually peculiarly within the knowledge of the railroad company, and it is not an unwarranted exercise of legislative power to impose upon such parties the burden of showing that they are not at fault. It establishes only a *prima facie* rule of evidence, and legislation of this kind has been so universally sustained that it is needless to refer to any of the numerous cases cited thereon. No evidence was introduced upon the trial of this action of the circumstances relating to the killing of the cow, the court below basing its decision upon the proposition that all the sections involved were unconstitutional. In arriving at a different conclusion and holding § 1 to be in force, a *prima facie* case of negligence was made out and the burden of proof was placed upon the railroad company.

For this reason the judgment is reversed and the cause remanded for trial.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.